**C. Louis WOOD and Hallie D. Wood, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 19276.**

United States Court of Appeals
Ninth Circuit.
Nov. 13, 1964.

Morris M. Grupp, Jack D. Swaner, San Francisco, Cal., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Carolyn R. Just, Dept. of Justice, Washington, D. C., for respondent.

Before POPE, KOELSCH and DUNIWAY, Circuit Judges.

POPE, Circuit Judge.

This is a petition to review an order of the Tax Court which dismissed appellant's petition for redetermination of a deficiency determined by the Commissioner of Internal Revenue. The petition was dismissed on the ground that it was not filed within the statutory period following the Commissioner's notice of deficiency.

The facts are that on March 29, 1963, a notice of tax deficiency determined by the Commissioner was mailed to petitioners. Under § 6213 of the Internal Revenue Code petitioners had 90 days thereafter within which to file with the Tax Court a petition for redetermination of the deficiency. (26 U.S.C. § 6213) Under that section if the taxpayer does not file a petition within the prescribed time the deficiency must be assessed and paid upon notice and demand. A petition for such determination was mailed by the petitioners to the Tax Court and was received by it on July 1, 1963. That was 94 days after the mailing of the notice of deficiency. However, under § 7502 of the Revenue Code (26 U.S.C. § 7502) it is provided that where such a petition is mailed to the Tax Court the date of the United States postmark stamp on the cover in which such petition is mailed shall be deemed to be the date of delivery. Compliance with the provisions of that section cannot be established by merely showing that the petition was actually delivered to the post office within the 90 day period. The petitioner must satisfy the specific requirement that the cover in which the petition was mailed bears a United States postmark showing a date of mailing within the period stated. Boccuto v. C.I.R., 3 cir., 277 F.2d 549.

However, the same section as amended in 1958, provides in subdivision "c" (26 U.S.C. 1958 ed. § 7502(c)) that if the petition is sent by registered mail the registration shall be prima facie evidence that the document was delivered to the Tax Court "and the date of registration shall be deemed the postmark date." The same subdivision provides that the Secretary or his delegate is authorized to provide by regulation the extent to which the provisions relating to registered mail with respect to the postmark date shall apply to certified mail. Treasury Regulations adopted pursuant to that authorization (§ 301.7502–1(c) (2)) provide as follows: "If the document is sent by United States registered mail, the date of registration of the document shall be treated as the postmark date. If the document is sent by United States certified mail and the sender's receipt is postmarked by the postal employee to whom such document is presented, the date of the United States postmark on such receipt shall be treated as the postmark date of the document. Accordingly, the risk that the document will not be postmarked on the date that it is deposited in the mail may be over-

come by the use of registered mail or certified mail."

A petition in this case was mailed on behalf of the petitioners at Fort Bragg, California, by certified mail. The cover bore two United States postage stamps which were cancelled with a stamp containing the words "Fort Bragg, Calif." There was no postmark stamp bearing a date anywhere on the cover, and no date whatever appeared on that cover. A certified mail sticker bearing No. 151333 was attached to the cover but it had no date on it. The petition itself was signed by both petitioners and verified before a notary public for Mendocino County, California, some time before 4 P.M. on June 26, 1963.

The petitioners were unable to produce a certified mail sender's receipt for the parcel mentioned. They did produce witnesses who testified that on June 26, 1963, (a date within the 90 day period) Mrs. Wood, one of the petitioners, delivered an envelope properly addressed to the Tax Court to a postal clerk in the post office at Fort Bragg, California. She procured stamps from the clerk, affixed them, filled out her receipt for the certified mail and handed it to the postal clerk who then stamped the receipt and returned it to her. She testified that she also asked the clerk to make sure that there was a stamp on the envelope, which was a large one. She testified that the clerk then gave her the receipt which was postmarked and bore a stamp showing the date of mailing; the date was June 26, 1963.

The petition in question had been prepared by a tax consultant named Watkins. His sister, who worked in his office, accompanied Mrs. Wood to the post office and was present when these transactions occurred. Miss Watkins also testified that she saw the clerk stamp the certified mail receipt and hand it to Mrs. Wood who then gave it to Miss Watkins to file in Watkins' office; that she put the receipt in her purse, took it back to the office and filed it in Mrs. Wood's folder, that is to say, in the file where the petitioners' records of tax returns were kept. The testimony on behalf of the petitioners was that the certified mail receipt referred to could not be found; that search for it had been in vain.

The Tax Court declined to credit this testimony respecting the existence of such a stamped and dated certified mail receipt. The court said: "On the evidence presented we cannot make a finding that the sender's receipt for certified mail was postmarked by a postal employee on or before June 27, 1963." (June 27 was the 90th day.) Accordingly the court held that the absence of a postmark on the covering envelope and in view of the finding that there was no proof that the sender's receipt or certified mail was actually postmarked by a postal employee, the petition must be deemed as having been first filed on July 1, 1963, which was 94 days after the notice of deficiency. The opinion of the Tax Court stated: "We do not doubt that this petition was placed in the United States mail on Wednesday, June 26 or soon thereafter. It was delivered to the Tax Court in Washington, D. C., on Monday, July 1, and would probably have taken that long to get from California to Washington in the regular course of the mails. But, as we have pointed out above, that is not enough. Either the cover must have been postmarked on or before June 27 or it must have been delivered to a postal employee for mailing by certified mail on or before June 27, and the postal employee must have postmarked the sender's receipt with a postmark bearing a date on or before June 27."

On behalf of the petitioners here it is argued that secondary evidence of the existence of the stamped and dated certified mail receipt and of its delivery to one of the petitioners was properly admissible, and that the testimony offered on behalf of the petitioners "cannot be ignored without contradictory evidence having been introduced." Petitioners' contention is: "As a matter of law, the Tax Court cannot disregard the uncontradicted, fully corroborated testimony of an unimpeached witness whose testimony is not inherently improbable."

Without questioning the admissibility of secondary evidence of the alleged lost certified mail receipt we are of the view that the presentation of the testimony here referred to presented to the Tax Court a question as to the credibility of that testimony. We know of no rule that uncontradicted testimony must be accepted by a court finding the facts, particularly where, as here, the testimony is given by interested parties. These parties appeared in person before the Tax Court and the court had the opportunity to note the demeanor and manner of testifying of the witnesses, the mode in which they responded to questions on cross-examination, their readiness to answer or hesitation as the case may be, and all these are matters as to which we have no equal opportunity of judging. We were confronted with a similar situation in National Labor Relations Bd. v. Howell Chevrolet Co., 9 cir., 204 F.2d 79, 86, where we stated: "Respondent maintains that the trial examiner was obliged to accept as true statements made by its own witnesses when those statements were not contradicted. It says: 'It is well settled law that where a witness' testimony is not contradicted, a trier has no right to refuse to accept it.' This is an ancient fallacy which somehow persists despite the courts' numerous rulings to the contrary. It overlooks the significance of the carriage, behavior, bearing, manner and appearance of a witness,—his demeanor,—when his testimony is given orally in the presence of the trier of facts. As stated by the Court of Appeals for the Second Circuit in a recent case, Dyer v. MacDougall, 201 F.2d 265, 269: 'Moreover, such evidence may satisfy the tribunal, not only that the witness' testimony is not true, but that the truth is the opposite of his story; for the denial of one, who has a motive to deny, may be uttered with such hesitation, discomfort, arrogance or defiance, as to give assurance that he is fabricating, and that, if he is, there is no alternative but to assume the truth of what he denies.' "

Under Rule 52(a) of the Rules of Civil Procedure this court is directed that in reviewing the findings of fact of a district court "due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." Our review of a decision of the Tax Court is to be conducted "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482. Therefore we may not disturb the Tax Court's finding that the petition was not filed within the statutory time. Timely filing is jurisdictional. See Bloch v. Commissioner, 9 cir., 254 F.2d 277, and cases there cited.

The order of the Tax Court dismissing the petition is affirmed.