HARRIET EDELSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Edelson v. Commissioner
Docket No. 14078-92
United States Tax Court
T.C. Memo 1993-511; 1993 Tax Ct. Memo LEXIS 522; 66 T.C.M. (CCH) 1210; November 8, 1993, Filed *522 Decision will be entered for respondent. Harriet Edelson, pro se. For respondent: Roberta D. Amaya. WOLFE
WOLFE
MEMORANDUM OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined the following deficiencies and additions to petitioner's Federal income tax: Additions to Tax
Sec. Sec.
Sec. Sec.
Year Deficiency 6653(a)(1) 6653(a)(1)(A) 6653(a)(2) 6653(a)(1)(B) 1985
$   206
$ 10
--
[1]
--
1986
6,462
--
$ 323
--
[1]
1987
1,484
--
74
--
[1]
1988
1,133
57
--
--
--
The issues for decision are: (1) Whether petitioner and her husband entered into an oral agreement whereby their *523 earnings would be separate property; (2) whether petitioner qualifies for relief from Federal income tax on community income under section 66(c); (3) whether assessment of any income tax due from petitioner for 1985 through 1987 is barred by the period of limitations; and (4) whether petitioner is liable for additions to tax for negligence or intentional disregard of rules or regulations for the tax years in issue. Some of the facts have been stipulated and are so found. Petitioner resided in San Diego, California, when her petition was filed. Petitioner and her husband, Joseph Edelson, were married in 1951. In 1985, they moved from New Jersey to California. Petitioner and Joseph Edelson resided together throughout the taxable years 1985, 1986, 1987, and 1988. During those years petitioner was employed at a day care center, and Joseph Edelson was employed as a real estate salesman. Petitioner was aware that Joseph Edelson had income during the years in issue, although she did not know the exact amount of that income. During the years in issue, petitioner's husband paid for the bulk of the family's requirements, including the rent, utilities, and most other expenses. From *524 her salary, petitioner bought clothing, food, and some miscellaneous items. Petitioner timely filed her income tax returns for the years in issue. She did not report on her return any of her husband's income or business expenses. Petitioner's position is that in 1974, Joseph Edelson and she entered into an oral agreement whereby their income would be kept separate. Since 1974 petitioner has been filing her Federal income tax returns as a married person filing separately. H & R Block prepared her tax returns for the years in issue. Petitioner claims that she relied upon the expertise of H & R Block in completing her income tax return. Petitioner's husband was convicted for failure to file a Federal income tax return for the years 1975 through 1977, and for tax evasion for the years 1985 through 1988. He is currently serving his sentence on the latter charges. 1. Alleged Oral Agreement to Transmute Community Property into Separate Property
During the years in issue, petitioner and her husband resided in California, a community property state. We must look to California law to determine whether Mr. Edelson's income belonged to the community, or whether it was his own separate *525 property. United States v. Mitchell, 403 U.S. 190, 197 (1971). Community property is defined under California law as "property acquired by husband and wife, or either, during marriage, when not acquired as the separate property of either." Cal. Civ. Code sec. 687 (West 1982). Generally, separate property only includes property owned by the spouses prior to marriage (including income earned with respect to that property) and property received by gift, devise, or bequest. Cal. Civ. Code secs. 5107, 5108 (West 1983). Although petitioner testified that she and her husband had an oral agreement that the earnings of each spouse would be the separate property of such spouse, her self-serving testimony does not convince us of the existence of any such agreement. We are not required to accept petitioner's self-serving and uncorroborated testimony. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). In this case, petitioner's testimony as to an oral agreement concerning the earnings of each spouse is inconsistent with undisputed facts. The record clearly establishes *526 that the parties commingled their funds and simply did not keep their earnings or assets separate. Joseph Edelson paid for most of the community expenses with his earnings, and petitioner purchased the family groceries with her earnings. There is no evidence of separate bank accounts or investments. The evidence, including petitioner's testimony, is that the parties had a long-term marriage in which they shared their economic, social, and family lives. Because of petitioner's husband's long-continued tax protestor activities, petitioner omitted her husband's income from her tax returns, and he simply failed to file tax returns. We find that petitioner and her husband did not enter into an agreement to transform community income into the separate property of each spouse. See Crane v. Commissioner, T.C. Memo. 1982-350. The income earned by Joseph Edelson from 1985 through 1988 is community property income and one-half of that income belongs to petitioner. See Cal. Civ. Code sec. 5105 (West 1983). Similarly, one-half of petitioner's income belongs to Joseph Edelson. Therefore, petitioner was required to include in gross income on her returns for *527 the years in question, one-half of her income and one-half of her husband's income. United States v. Mitchell, supra at 196. In addition, petitioner is entitled to deduct one-half of her husband's business deductions to the extent the deductible items are paid with community funds or relate to community property. Johnson v. Commissioner, 72 T.C. 340, 347 (1979). 2. Innocent Spouse Under Section 66(c)
Petitioner reported all of her earned income on her return. She did not report her share of her husband's income for 1985, 1986, 1987, or 1988. Her share of that income was $ 3,952, $ 27,086, $ 16,010, and $ 16,031, respectively. She also did not claim any deductions related to her husband's gross income. Respondent determined a deficiency for the years in issue by including one-half of petitioner's husband's earnings for the years in issue and only one-half of her gross income for those years. The IRS also deducted one-half of petitioner's husband's deductible items which were known to the IRS in determining the deficiencies for the years in issue. Petitioner seeks relief under section 66(c) from the application *528 of the California community property laws with respect to the income of Joseph Edelson. Unless relief is available under section 66(c), petitioner is liable for one-half of her own earned income and one-half of Mr. Edelson's earned income less one-half of the deductions attributable to that income. Section 66(c) provides: (c) Spouse Relieved of Liability in Certain Other Cases. -- Under regulations prescribed by the Secretary, if -- (1) an individual does not file a joint return for any taxable year, (2) such individual does not include in gross income for such taxable year an item of community income properly includible therein which, in accordance with the rules contained in section 879(a), would be treated as the income of the other spouse, (3) the individual establishes that he or she did not know of, and had no reason to know of, such item of community income, and (4) taking into account all facts and circumstances, it is inequitable to include such item of community income in such individual's gross income,
then, for purposes of this title, such item of community income shall be included in the gross income of the other spouse (and not in the gross income of *529 the individual).
Under section 66(c), all four of the above requirements must be met before relief can be granted. Petitioner has the burden of proof on this issue. Rule 142(a). Petitioner has failed to establish that she did not know that her husband was receiving income during the years at issue. To the contrary, she admits that she knew he had income from his real estate activities for the years in issue. She did not, however, know the exact amount of that income. Relief is not available under section 66(c) where the taxpayer was aware of the source of community income, but was unaware of the specific amount of her spouse's community income. Roberts v. Commissioner, T.C. Memo. 1987-391, affd. 860 F.2d 1235 (5th Cir. 1988); McGee v. Commissioner, T.C. Memo. 1991-510, affd. 979 F.2d 66 (5th Cir. 1992). Accordingly, petitioner is not entitled to relief under section 66(c). 3. Period of Limitations
Petitioner contends that the assessment of any deficiency in her income tax for the taxable years 1985, 1986, and 1987 is barred by the period of limitations *530 under section 6501(a) since respondent's deficiency notice was not issued to her within 3 years after her returns for those years were filed. Respondent contends that an assessment for those years is not time barred because the extended 6-year statute of limitations provided by section 6501(e)(1)(A) is applicable. The expiration of the period of limitations on assessment is an affirmative defense, and the party raising it must specifically plead it and carry the burden of proving its applicability. Rules 39, 142(a); Coleman v. Commissioner, 94 T.C. 82, 89 (1990). Petitioner has established that the notices of deficiency for 1985, 1986, and 1987 were mailed more than 3 years after the respective returns for those years were filed and that, consequently, the 3-year statute of limitations has expired. Respondent relies entirely on section 6501(e)(1)(A), providing for a 6-year period of limitation. To satisfy the requirements of this section, respondent must show that petitioner omitted an amount of gross income in excess of 25 percent of the gross income stated on her returns for the taxable years 1985, 1986, and 1987. Sec. 6501(e)(1)(A). Respondent *531 bears the burden of proof under section 6501(e). Burbage v. Commissioner, 82 T.C. 546, 553 (1984), affd. 774 F.2d 644 (4th Cir. 1985). Respondent has shown that petitioner did not include her share of the community property income which her husband earned in the taxable years 1985, 1986, and 1987. Her share of that income was $ 3,952 for 1985, $ 27,086 for 1986, and $ 16,010 for 1987. For the taxable years 1985, 1986, and 1987, petitioner reported the following amounts of gross income: $ 2,196, $ 10,041, and $ 10,450, respectively. For each of the years in question, the omitted amount of income far exceeds 25 percent of the gross income reported by petitioner on her return for such year. Petitioner contends that the extended 6-year limitation period does not apply to her because respondent was aware of the nature and amount of the items which she omitted from income. Section 6501(e)(1)(A)(ii) provides: In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement *532 attached to the return, in a manner adequate to apprise the Secretary of the nature and amount of such item.
Petitioner did not make any disclosures on her tax returns for 1985, 1986, or 1987. She did not attach any statement to those returns. She urges application of section 6501(e)(1)(A)(ii) based merely on her assertion that the IRS kept special files concerning her husband and received copies of her husband's Forms W-2 for the years in issue. The statute and regulations thereunder [2] require that the disclosure must be on the income tax return or on a statement attached to the return. The possibility or even the fact that information may have been furnished to respondent in connection with other returns is not enough to comply with these explicit requirements. *533 Section 6501(e)(1)(A) applies to petitioner's returns for 1985, 1986, and 1987, so the 6-year period of limitations on assessment is applicable. The notices of deficiency were mailed to petitioner within the limitations period. Assessments for the taxable years at issue are not barred by the period of limitations. 4. Negligence Additions to Tax
Respondent determined that petitioner is liable for the additions to tax for negligence or disregard of rules or regulations under section 6653(a)(1) and (2) for 1985, under section 6653(a)(1)(A) and (B) for 1986 and 1987, and under section 6653(a)(1) for 1988. On this issue, respondent's determinations are presumptively correct and petitioner has the burden to prove otherwise. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Negligence is defined as the failure to exercise the due care of a reasonable and ordinarily prudent person under like circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner contends that she is not liable for the additions to tax for negligence because she reasonably relied in good faith on her tax return preparer. *534 As a general rule, the responsibility of filing an accurate return cannot be shifted by the taxpayer to a return preparer. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987). To avoid the additions to tax under section 6653(a), the taxpayer must establish that she provided the return preparer with complete and accurate information. Pessin v. Commissioner, 59 T.C. 473, 489 (1972). From the record, we can not conclude that petitioner provided complete and accurate information to H & R Block, her return preparer. Petitioner has failed to establish that she acted reasonably in omitting her share of the community property income which her husband earned. At least since 1971, it has been established that a wife generally has an obligation to report half the community income. See United States v. Mitchell, 403 U.S. 190, 196 (1971). Respondent's determinations with regard to the additions to tax under section 6653(a)(1) and (2) for 1985, under section 6653(a)(1)(A) and (B) for 1986 and 1987, and under section 6653(a)(1) for 1988 are sustained. Decision will be entered for respondent *535 . Footnotes
1. All section references are to the Internal Revenue Code in effect for the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest payable with respect to the portion of the underpayment attributable to negligence.↩
2. Sec. 301.6501(e)-1(a)(1)(ii), Proced. & Admin. Regs., provides, in part: An item shall not be considered as omitted from gross income if information, sufficient to apprise the district director of the nature and amount of each item, is disclosed in the return or in any schedule or statement attached to the return.↩