T.C. Memo. 1996-467

UNITED STATES TAX COURT

CHARLES R. ROBERTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5453-95.              Filed October 17, 1996.

Charles R. Roberts, pro se.

<u>Elizabeth A. Owen</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:   This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1992 Federal income tax in the amount of $2,462.

The issues for decision are: (1) Whether petitioner's father is his dependent; (2) whether petitioner is entitled to claim an exemption deduction for his father; (3) whether petitioner is entitled to claim head of household filing status; and (4) whether petitioner is entitled to a deduction for his father's medical expenses.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Leavenworth, Washington, on the date the petition was filed in this case.

Petitioner's father, Bert L. Roberts (Mr. Roberts), lived in two nursing homes during the entire taxable year 1992. Mr. Roberts received Social Security benefits in the amount of $12,909 and interest income in the amount of $647 in 1992. The entire amount of this income was applied against Mr. Roberts' living and medical expenses at the nursing homes.

Petitioner claimed an additional exemption for Mr. Roberts as a dependent and filed as head of household on his 1992 Federal income tax return. Petitioner also included all of Mr. Roberts' 1992 Federal income and Mr. Roberts' claims for medical expense deductions, on petitioner's 1992 Federal income tax return.

We begin by noting that petitioner bears the burden of proving that respondent's determinations are incorrect.  Welch v. Helvering, 290 U.S. 111, 115 (1933).

The first issue for decision is whether Mr. Roberts is petitioner's "dependent" as that term is defined in section 152.

A dependent is generally defined as an individual who receives over half of his support from the taxpayer in the calendar year in which the taxpayer's taxable year begins.  Sec. 152(a).  Individuals listed under this general definition include, among others, the father of the taxpayer.  Sec. 152(a)(4).  In computing the amount which is contributed for the support of an individual, there must be included any amount which is contributed by such individual for his own support, including income which is ordinarily excludable from gross income, such as Social Security benefits.  Sec. 1.152-1(a)(2)(ii), Income Tax Regs.

Respondent argues that petitioner failed to meet the support requirements of section 152(a).  We agree.  Petitioner has offered no evidence that he paid for more than half of the costs of supporting his father during 1992.  Petitioner conceded at trial that the entire amount of Mr. Roberts' Social Security benefits and other income was applied against his nursing home costs.  Petitioner did not claim that his contributions exceeded the amount contributed by Mr. Roberts for his own support.  Petitioner's testimony that he paid a portion of the costs of the

nursing home was not documented by any bank records, canceled checks, or other receipts. More is required by this Court than petitioner's unsubstantiated, unverified, and undocumented testimony. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Since petitioner did not prove that he paid for more than half of his father's support in 1992, we hold that Mr. Roberts was not petitioner's dependent in that year.

We now turn to the remaining issues which were contingent upon our holding that Mr. Roberts was not petitioner's dependent in 1992.

The second issue for decision is whether petitioner is entitled to claim his father as an exemption. An individual is allowed as a deduction in computing taxable income an additional exemption for each dependent as defined in section 152. Sec. 151(c)(1). Since we have held that Mr. Roberts is not petitioner's dependent under section 152, we further hold that petitioner may not claim his father as an exemption because he does not meet the threshold requirements under section 151(c)(1) for the deduction.

The third issue for decision is whether petitioner is entitled to claim head of household filing status for 1992. "Head of household" is defined, in pertinent part, as an unmarried individual who maintains a household which constitutes

the principal place of abode of the father or mother of the taxpayer, if the taxpayer is entitled to a deduction for such parent under section 151.  Sec. 2(b)(1)(B).  We hold that petitioner may not claim head of household status because, as we have held above, he is not entitled to a deduction for Mr. Roberts under section 151 and thus does not meet the definition of head of household.

The final issue for decision is whether petitioner is entitled to a deduction for his father's medical expenses. Section 213(a) allows as a deduction the expenses paid during the taxable year for medical care of the taxpayer's dependent as defined in section 152.  Again, since we have already held that Mr. Roberts is not petitioner's dependent under section 152, we further hold that petitioner is not entitled to a deduction for Mr. Roberts' medical expenses because the requirements of section 213(a) are not met.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.