T.C. Memo. 1997-516

UNITED STATES TAX COURT

BRETT W. BARNES, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23024-95.                Filed November 17, 1997.

Brett W. Barnes, pro se.

Ladd C. Brown, for respondent.

MEMORANDUM OPINION

DINAN, Special Trial Judge:   This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[1]

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the taxable year in

Respondent determined a deficiency in petitioner's Federal income tax for 1992 in the amount of $2,548 and an accuracy-related penalty pursuant to section 6662(a) in the amount of $510.

The issues for decision are: (1) Whether petitioner is entitled to itemized deductions in excess of the standard deduction allowed by respondent; and (2) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

Some of the facts have been stipulated and are so found. The stipulations of fact and attached exhibits are incorporated herein by this reference. Petitioner resided in Miami, Florida, on the date the petition was filed in this case.

Petitioner worked as a car salesman during 1992. The apartment building in which he lived during 1992 was damaged by hurricane Andrew in August 1992. He alleges that all records that he maintained with respect to his 1992 taxable year were destroyed by hurricane Andrew.

On his 1992 return, petitioner claimed itemized deductions in the total amount of $12,713.[2] In the statutory notice of deficiency, respondent disallowed petitioner's claimed itemized

issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The itemized deductions claimed include a medical expense deduction in the amount of $689, a charitable contribution deduction in the amount of $1,010, and miscellaneous itemized deductions in the total amount of $11,014, which include employee business expenses and tax preparation fees.

deductions and allowed him a standard deduction in the amount of $3,600 for an individual filing as an unmarried individual.

Petitioner's case was first called for trial on October 8, 1996. Since the parties had not executed stipulations of fact, the Court ordered that the case be continued to allow petitioner the opportunity to stipulate all documentary and written evidence in support of his claimed itemized deductions in accordance with the Court's standing pretrial order and Rule 91(a).

On June 10, 1997, this case was again called for trial. In the interim, respondent had advised petitioner to get copies of doctor and hospital bills, canceled checks, and credit card statements. At trial, petitioner acknowledged that he received respondent's letter but admitted that he took no action to obtain such records.

Respondent's determinations in the statutory notice of deficiency are presumed to be correct, and petitioner bears the burden of proving otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In deciding whether this burden is satisfied, the Court is not bound to accept petitioner's self-serving, unverified, and undocumented testimony. Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Taxpayers are required to substantiate

amounts claimed as deductions, credits, etc., by maintaining the records needed to establish such entitlement.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Petitioner has failed to meet his burden of proof.  Rule 142(a).  His testimony in response to the question of how he calculated the deductions claimed on his return was vague and incoherent.  He stated at one point that he relied upon "a lot of credit card statements" in preparing his return.  However, since hurricane Andrew hit Florida in August 1992, the records that he purportedly relied upon could not have been destroyed by the hurricane because his return was not prepared until March 1993.  Nonetheless, such records were not presented at trial.  Moreover, even if we were to accept petitioner's representation that he maintained records that were destroyed by hurricane Andrew, he has failed to cooperate with respondent or obtain any copies of receipts, checks, or credit card statements to substantiate his claimed itemized deductions, despite the Court's order to do so at the time we granted the continuance of his case on October 8, 1996.

In the event that a taxpayer establishes that he has paid a deductible expense, but is unable to substantiate the precise amount of the expense, we may estimate the amount of the deductible expense.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  In order to make such an estimate, the taxpayer must present evidence sufficient to provide some rational basis

upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).

Petitioner has not provided the Court with any evidence that would allow us to make an estimate of his deductible expenses under the Cohan rule. Therefore, we hold that he is not entitled to itemized deductions for 1992 in excess of the standard deduction allowed by respondent.

The second issue for decision is whether petitioner is liable for the section 6662(a) accuracy-related penalty for 1992. Respondent's determination of negligence is presumed to be correct, and petitioner bears the burden of proving that the penalty does not apply. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972).

Section 6662(a) imposes a 20-percent penalty on the portion of the underpayment attributable to any one of various factors, one of which is negligence or disregard of rules or regulations. Sec. 6662(b)(1). Respondent determined that petitioner is liable for the accuracy-related penalty imposed by section 6662(a) for his underpayment of tax in 1992, and that such underpayment is due to negligence or disregard of rules or regulations. "Negligence" includes a failure to make a reasonable attempt to comply with the provisions of the Internal Revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

"Disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

Section 6664(c)(1), however, provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment, if it is shown that there was reasonable cause for the taxpayer's position with respect to that portion and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. Id.

The following dialogue at trial concerning petitioner's failure to substantiate his medical expenses for 1992 illustrates his lack of effort to assess his proper tax liability:

Q  Did you, in fact, contact any doctor or hospital to get such records?

A  I went to contact somebody, and they told me that I needed to come in and go through the process of going and doing the microfilms or whatever. And I just -- didn't go. No.

Based on the record, we find that petitioner has not proved that his underpayment was due to reasonable cause or that he

acted in good faith.  Accordingly, we hold that petitioner is liable for the section 6662(a) accuracy-related penalty as determined by respondent.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.