T.C. Memo. 2000-255


UNITED STATES TAX COURT


HAROLD L. & LACHEER A. DOZIER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10087-99.                    Filed August 11, 2000.


Harold L. Dozier and LaCheer A. Dozier, pro se.

<u>Eric B. Jorgensen</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  Respondent determined
deficiencies in petitioners' 1995 and 1996 Federal income taxes
in the amounts of $6,382 and $1,440, respectively, and an
accuracy-related penalty under section 6662(a) in the amount of
$1,276 for 1995.  Unless otherwise indicated, all section
references are to the Internal Revenue Code in effect for the
years in issue.

After a concession by respondent that petitioners are not liable for the accuracy-related penalty under section 6662(a) for 1995, we must decide whether petitioners are entitled to deduct claimed Schedule C expenses of $26,860 and $4,800 in 1995 and 1996, respectively.

Some of the facts have been stipulated and are so found. Petitioners resided in Decatur, Georgia, at the time the petition was filed.

Petitioner Harold L. Dozier was a welder, and petitioner LaCheer A. Dozier was a laundry worker. For 1995, on a Schedule C listing Public Pay Telephone/Long Distance Services as the principal business, petitioners claimed a loss of $24,500. On that Schedule C, petitioners claimed total deductions of $26,860 as follows: commissions and fees - $17,500, legal and professional services - $650, office expenses - $4,200, rent or lease: vehicles, machinery and equipment - $4,200, supplies - $310. For 1996, on a Schedule C listing Long Distance/ Information Services as the principal business, petitioners reported a gain of $8,386. On that Schedule C, petitioners claimed a deduction of $4,800 for rent or lease: vehicles, machinery and equipment. Respondent disallowed the Schedule C deductions of $26,860 for 1995 and $4,800 for 1996 on the grounds that it was not established that any of the amounts claimed were for ordinary and necessary business expenses or were expended for

the purposes designated.

Deductions are strictly a matter of legislative grace. INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Taxpayers must substantiate any deductions claimed. Hradesky v. Commissioner, 65 T.C. 87 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976). Section 6001 imposes upon every person liable for any tax a duty to maintain records that are sufficient to enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 1.6001-1(a), Income Tax Regs.

Petitioner Harold L. Dozier claimed he was in business with Ms. Faye Williams and Mr. Leonard Campbell to buy and sell names "over the Web".

Mr. Herman Tyler, petitioners' tax return preparer, testified. Mr. Tyler claimed that petitioners borrowed approximately $25,000 from Keanon Thompson, a 14 year-old boy, so they could participate in the business. Mr. Tyler asserted that he arranged the loan because he had Keanon Thompson's power of attorney. Mr. Tyler referred to a promissory note, but no promissory note was introduced in evidence. According to his testimony, the funds never went to petitioners, but remained in Mr. Tyler's hands. Mr. Tyler also testified that he held funds in trust for petitioners and made wire transfers to Mr. Leonard Campbell of California. He said these wire transfers represented

payment of petitioners' expenses to Mr. Campbell. Many of the wire transfers by Mr. Tyler were to Ms. Faye Williams, who was Mr. Campbell's sister. No agreement between Mr. Campbell and petitioners or between Ms. Williams and petitioners was introduced in evidence. Mr. Tyler alleged payments also were made by petitioners to Mr. Campbell by means of payments made by Mr. Tyler to Mr. Tyler's brother, Ed Tyler, of Colorado for an alleged purchase of real estate. No agreement of sale and no agreement relating to a real estate commission was introduced in evidence. Mr. Tyler testified petitioners leased office space from Mr. Campbell who leased it from another brother of Mr. Tyler, Ernest Tyler, of Colorado. No lease between Mr. Ernest Tyler and Mr. Campbell or between Mr. Campbell and petitioners was introduced in evidence.

Petitioners had no books or records of this alleged business. Petitioners had no copies of lease agreements with respect to this alleged business. Petitioners had no copies of agreements with any of the individuals named above. Petitioners had no copies of loan agreements with respect to this alleged business. Petitioners had no checks to evidence payment of any expenses with respect to this alleged business. Petitioners had no receipts for payment of alleged expenses of this alleged business.

We need not accept self-serving testimony of a petitioner or

of a witness if we find it to be unworthy of belief. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We decide whether a witness is credible based on objective facts, the reasonableness of the testimony, and the demeanor of the witness. Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964).

Mr. Tyler may have been attempting to support the tax returns he prepared. He did not do so. There was nothing in the documents detailing the wire transfers which tied them to petitioners. Mr. Tyler had no written records of his own to prove he held funds in trust for petitioners or that moneys flowed in and out of the purported trust account. We found the statements of Mr. Tyler to be unreasonable and not consistent with normal business practices. We observed Mr. Tyler's demeanor and did not find him credible.

Petitioners offered no business records, checks, or receipts to prove that the sums claimed as deductions were actually spent and no documentary evidence to substantiate that any claimed expenditures were for a business purpose. In sum, petitioners failed to substantiate the deductions in issue. We have no

choice but to sustain respondent's determination of the deficiencies for each of the years in issue.

Decision will be entered for respondent in the amount of the deficiencies and for petitioners with respect to the accuracy-related penalty under section 6662(a).