T.C. Summary Opinion 2001-3


UNITED STATES TAX COURT


BRUCE L. HELMICH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12596-99S.                    Filed January 5, 2001.


Bruce L. Helmich, pro se.

Ross M. Greenberg, for respondent.


PAJAK, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $1,643 in petitioner's 1996 Federal income tax. Petitioner concedes that he received interest in the amount of $290 which is includable in his income. We must decide whether petitioner received $10,638 which should be included in his income.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Madeira Beach, Florida, at the time he filed his petition.

Petitioner worked part time as a legal clerk for Byron Vaughan (Vaughan), Esquire, an attorney at law with an office in Sarasota, Florida. Respondent received a Form 1099-MISC stating that petitioner received nonemployee compensation from Vaughan in the amount of $10,638 for the 1996 taxable year. Petitioner did not report this amount on his 1996 return.

In reply to correspondence from respondent, petitioner, in a letter received by the Internal Revenue Service on August 4, 1998, stated that:

> Although I did receive the amounts claimed on pages two and four of your letter, these pages misidentify the $10,638 received from Byron Vaughan, Esquire, EIN 65-0087578. This amount was a bonus paid to me by Mr. Vaughan, my employer, and was not money received as non-employee compensation, nor was it money received by a self-employed individual.
>      As such, I believe that Mr. Vaughan had an obligation to withhold both social security taxes and withholding taxes on that amount.

On October 7, 1998, petitioner wrote to the Internal Revenue Service and stated that:

The 1099 that I received from Mr. Vaughan was a bonus for that year. As your records indicate, I was an employee of Mr. Vaughan for several years prior to this time. I realize that the 1099 may have been completed with the notation as non-employee compensation, but that would have been an error on the part of Mr. Vaughan, and not my error. Mr. Vaughan stated to me that the taxes were taken care of. I do not feel that I should be held responsible for errors committed by Mr. Vaughan. I realize that Mr. Vaughan is now deceased, and I believe that the reason that the IRS is attempting to get this from me since [sic] they cannot get it from him.

On December 15, 1998, petitioner responded to proposed changes by the Internal Revenue Service and stated that:

as I have explained, the bonus was employee compensation, regardless of how it was reported to your office. As I have explained to your office on several occasions, this income was a bonus from my employer and he informed me that he would be taking care of the taxes. * * * I do know that my records for 1995 will reflect that I received a bonus that year and that bonus reflected the pay was for employee compensation.

Respondent determined that the $10,638 should be included in petitioner's income. The notice of deficiency contains the following statement: "A bonus is considered taxable income and must be included on the tax return. It is not subject to self-employment taxes nor FICA taxes. We have deleted the self-employment tax and your share of the FICA tax."

Petitioner stated in his petition that he disagreed with the adjustments in the notice of deficiency because the $10,638 "was erroneously marked on 1099 as non-employee compensation when it should have been marked as employee compensation."

At trial, petitioner changed his story and claimed that he never received the $10,638. We summarize petitioner's testimony and the sequence of events which he alleges occurred, as follows.

As noted, petitioner worked part-time for Vaughan as a legal clerk. He received his W-2 and dated his Federal income tax return on January 27, 1997. After petitioner filed his return, Vaughan gave petitioner the Form 1099-MISC which reported the amount of $10,638 as nonemployee compensation. Vaughan explained to petitioner that he needed to report this amount to reduce his taxes. Petitioner protested that he did not receive the money. Vaughan said not to worry because he would pay the tax when it came due.

Petitioner was applying for admission to the Florida Bar at the time these events allegedly occurred. Petitioner had been convicted for the felony of extortion. His bar application had been pending before the Florida Supreme Court for 4 months. Petitioner claims that Vaughan knew this, and when petitioner questioned Vaughan about the Form 1099-MISC, Vaughan let him "know in a very unsettled way" that if petitioner had any problems with accepting the Form 1099-MISC, then Vaughan would "probably have trouble" with petitioner's employment and would have to notify the Bar about it.

Petitioner considered himself between "a rock and a hard place." Petitioner never reported the alleged blackmail. He

claims he did not feel compelled to alert the authorities that he was being extorted because Mr. Vaughan had told him, "don't worry about it. I'll pay [the tax] when it comes due." Petitioner claimed he did not amend his return to reflect the income because he did not want to state under the penalty of perjury that he had received the money.

At trial, petitioner claimed that the reason he initially told the Internal Revenue Service that he received the money as a bonus was because he had spoken with someone in the Internal Revenue Service who had led him to believe that the Form 1099-MISC was "all the proof the IRS needed", and that petitioner had to explain why he did not pay the taxes on it. Petitioner testified that the only explanation he could come up with as to why he should not have to pay taxes on the money was that it was employee compensation, not nonemployee compensation, and that Vaughan should have paid the taxes on it. Petitioner admitted that he sent respondent the three letters stating that he had received the $10,638 as a bonus.

After he wrote the letters, petitioner was told by an accountant that if petitioner had said from the beginning that he did not receive the money, then the Form 1099-MISC would not be proof in and of itself that he received the money, and the burden of persuasion as to the payment of the money would be on respondent. After he heard this, petitioner informed respondent

that he had never really received the money and told respondent the same story he reiterated in court. At trial, petitioner claimed that he erred in writing the three letters to the Internal Revenue service.

In addition to his testimony, petitioner provided 4 months of bank records to support his position that he did not receive the $10,638. Petitioner's bank records show that $10,638 was not deposited into his bank account in a 4-month period. They do not establish that petitioner did not receive the money. At trial, petitioner contended that he never received the $10,638. Respondent contended that the letters written by petitioner are proof that he received the income and that the $10,638 must be included in petitioner's gross income under section 61(a)(1).

A statutory notice of deficiency ordinarily carries with it a presumption of correctness. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Because of this presumption, taxpayers generally, at least initially, have the burden of proof and the burden of going forward with the evidence. Cebollero v. Commissioner, 967 F.2d 986, 991 (4th Cir. 1992), affg. T.C. Memo. 1990-618; see also sec. 7491.

Under section 6201(d), if the taxpayer in a court proceeding asserts a reasonable dispute with respect to the income reported on an information return, and fully cooperates with the Commissioner, then the Commissioner shall have the burden of

producing reasonable and probative information in addition to the information return. <u>McQuatters v. Commissioner</u>, T.C. Memo. 1998-88; <u>Dennis v. Commissioner</u>, T.C. Memo. 1997-275; <u>Hardy v. Commissioner</u>, T.C. Memo. 1997-97, affd. 181 F.3d 1002 (9th Cir. 1999). The taxpayer must have fully cooperated with the Commissioner before the burden of production would shift to the Commissioner. "Fully cooperating with the IRS includes (but is not limited to) the following: bringing the reasonable dispute over the item of income to the attention of the IRS within a reasonable period of time, and providing (within a reasonable period of time) access to and inspection of all witnesses, information, and documents within the control of the taxpayer (as reasonably requested by the Secretary)." H. Rept. 104-506, at 36 (1996), 1996-3 C.B. 49, 84. Petitioner did not fully cooperate with the Commissioner and is not entitled to the benefit of section 6201. Even assuming arguendo that he is entitled to the benefit of section 6201, the Commissioner has presented sufficient information to sustain the determination in the notice of deficiency.

Petitioner has put himself between a rock and a hard place. On the one hand, if petitioner did not receive the money, then he agreed to assist Vaughan in defrauding the Government, he failed to report extortion, he lied in three letters written to the Internal Revenue Service, and he lied in his petition filed with

this Court.  If, on the other hand, petitioner did receive the money, then he failed to properly amend his 1996 tax return, he lied to the Internal Revenue Service, he accused an innocent man of committing a crime, and he committed perjury when he testified before the Court.  Fortunately, it is not necessary to decide which of these scenarios actually occurred.

Respondent introduced into evidence three letters from petitioner stating that petitioner received $10,638 as a bonus during his employment with Mr. Vaughan.  Petitioner admitted writing these letters.  In contradiction to these letters, we are faced with petitioner's testimony.  We are not required to accept a taxpayer's self-serving and uncorroborated testimony.  Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 TC 593 (1964); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  In this case, we find that petitioner's testimony carries no weight due to his lack of credibility.  Petitioner did not meet his burden of proof.  The letters, which are admissions against interest, are convincing.

Under section 61(a)(1), gross income includes all income from whatever source derived, including compensation for services.  We note that this includes employee compensation as well as nonemployee compensation.  We find that petitioner received $10,638 as employee compensation for his services in 1996.  Accordingly, we sustain respondent's determination.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.