
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID W. SWANSON and CONNIE L. SWANSON,

    Petitioners,

 v.

COMMISSIONER OF INTERNAL REVENUE,

    Respondent.

No. 09-73770

Tax Ct. No. 550-00

MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Argued and Submitted June 8, 2011
Pasadena, California

Before: D.W. NELSON and IKUTA, Circuit Judges, and PIERSOL, Senior District Judge.[**]

  The Tax Court did not err in ruling that the burden of proof in this case did

not shift to the Commissioner under 26 U.S.C. § 7491.  Section 7491's burden-

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The Honorable Lawrence L. Piersol, Senior District Judge for the U.S. District Court for South Dakota, Sioux Falls, sitting by designation.

shifting framework did not apply to the 1994 deficiency, because the parties stipulated that the IRS's investigation of those deficiencies commenced prior to July 22, 1998. Nor did the Tax Court err in determining § 7491's burden shifting framework did not apply to the 1993 and 1995 deficiencies due to the Swansons' failure to introduce credible evidence and failure to cooperate with the Commissioner. The Tax Court's determination that the Swansons were not credible was not clearly erroneous, given (among other things), the Swansons' claim that clearly personal expenses were deductible "management expenses," that they relinquished their ownership interest in FSH "for nothing more than a stranger's promise of a loan," and they claimed never to have discussed tax avoidance with Evans and O'Brien, despite the fact that Evans and O'Brien were both convicted of promoting tax evasion schemes. *See Wood v. Comm'r*, 338 F.2d 602, 605 (9th Cir. 1964). The Tax Court's determination that certain personal expenses were not business expenses was not contrary to the parties' stipulation. The Swansons did not identify any specific inconsistencies, and the stipulation stated that the Commissioner did not agree with the Swansons' characterization of all of their personal expenses or stipulate to the accuracy of all their exhibits. Nor did the Tax Court clearly err in determining that the Swansons were not

cooperative with the Commissioner, given evidence that they brought a law suit against one IRS agent and refused to answer questions posed by his successor.

The Tax Court did not err in holding that FSH Services lacked economic substance. *See Sparkman v. Comm'r*, 509 F.3d 1149, 1155 (9th Cir. 2007); *see also Markosian v. Comm'r*, 73 T.C. 1235, 1243–45 (1980). The Tax Court's conclusions that the Swansons' relationship with FSH's property did not materially differ before and after the creation of the trust, that neither Evans nor O'Brien functioned as an independent trustee, that economic benefits did not inure to other beneficiaries of the trust, and that the Swansons failed to respect the rules and restrictions of the trust were not clearly erroneous. *Sparkman*, 509 F.3d at 1155. Though the Swansons offered evidence that Evans made loans in his capacity as a trustee, such loan activity was de minimis. Moreover, when Evans was caught misappropriating funds, the Swansons selected his replacement. Having determined that FSH lacked economic substance, the Tax Court did not err in attributing the income of the trust to the Swansons, rather than to Evans, because Mr. Swanson was the primary source of FSH's income. *Id.* at 1158.

The Tax Court did not err in declining to categorize various continuing education expenses as Schedule C deductions because the Swansons did not carry their burden of demonstrating why those deductions were business expenses. *See*

*New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934); *Rockwell v. Comm'r*, 512 F.2d 882, 886 (9th Cir. 1975).

The Tax Court did not err in holding that the 1993, 1994, and 1995 deficiency actions were timely given that the Swansons omitted from their gross income an amount in excess of 25 percent of the amount of gross income stated in their tax returns. *See* 26 U.S.C. § 6501(e)(1)(A).

The Tax Court did not err in upholding the penalties imposed under 26 U.S.C. § 6662 on the ground that the Swansons substantially understated their tax liability and failed to prove that they acted with reasonable cause and in good faith. *See* 26 U.S.C. § 6664(c)(1). The Swansons did not carry their burden of proving they acted with due care in setting up the trust and calculating their tax liability, and the Tax Court's determination that they were negligent and that their testimony was not credible was not clearly erroneous. *Sparkman*, 509 F.3d at 1161.

Nor did the Tax Court abuse its discretion in imposing a penalty of $12,500 under 26 U.S.C. § 6673. *Larsen v. Comm'r*, 765 F.2d 939, 941 (9th Cir. 1986) (per curiam). The Tax Court did not err in determining that the Swansons were maintaining frivolous or groundless positions, given that the Swansons continued to pursue litigation despite their knowledge that Evans and O'Brien (co-trustees of FSH) were facing (and were eventually convicted of) criminal charges of tax fraud.

-4-

Moreover, reasonable inquiry would have revealed that Evans, Cache Properties, and Martha Doerr were involved in other trust transactions that were deemed shams. *Cf. Wolf v. Comm'r*, 4 F.3d 709, 716 (9th Cir. 1993). The Tax Court did not clearly err in finding that the Swansons's evidence and arguments did not lead to the agreed-upon reduction of their tax liabilities; rather, the reductions resulted from concessions by the Commissioner that would have occurred during the course of normal negotiations between the parties.

**AFFIRMED**.