T.C. Memo. 2015-5

UNITED STATES TAX COURT

LAWRENCE EBERT AND REBECCA EBERT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17042-12.                            Filed January 7, 2015.

Lawrence Ebert and Rebecca Ebert, pro se.

<u>Robert W. Mopsick</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in petitioners' 2009

Federal income tax of $1,115.  After concessions, the issue for decision is whether

petitioners received three dividend checks of $470 each, totaling $1,410 (disputed

[*2] dividend payments), from Burlington Northern Santa Fe Corp. (BNSF) in 2009.[1] We hold that they did not.

FINDINGS OF FACT

Petitioners lived in New Jersey when they filed the petition in this case. Petitioner husband was the registered owner of 1,176 shares of BNSF stock throughout 2009.

Computershare Investor Services (Computershare) was the registered agent for BNSF in 2009. Petitioner husband has no recollection of receiving the disputed dividend payments in 2009 or a Form 1099-DIV, Dividends and Distributions, reporting those payments. BNSF was acquired by Berkshire Hathaway early in 2010. Wells Fargo replaced Computershare as the registered agent for BNSF in 2010.

Petitioner husband has made numerous unsuccessful attempts in recent years to contact Computershare and Wells Fargo regarding various matters relating to his BNSF stockholdings, including payment of the disputed dividends.

Computershare sent a letter dated February 28, 2014, to respondent's counsel's office stating that a Form 1099-DIV had been issued to petitioner-husband for 2009 reporting the payment of the disputed dividends from BNSF and

---

[1]All amounts are rounded to the nearest dollar.

[*3] attaching a copy of a Form 1099-DIV properly addressed to petitioners' home address. Respondent sent a copy of the February 28, 2014, letter to petitioners on April 16, 2014. Promptly thereafter, petitioner husband called the phone number provided in the February 28, 2014, letter and discovered there was only a recorded message and no opportunity to inquire further about the statements in the letter.

Petitioners filed a joint Form 1040, U.S. Individual Income Tax Return, for tax year 2009. On Schedule B, Interest and Ordinary Dividends, attached to their 2009 tax return, petitioners reported $470 of dividend income (the equivalent of one quarterly dividend payment) from BNSF.

OPINION

I. Burdens of Production and Proof With Respect to Respondent's Determination

Taxpayers generally bear the burden of proving that the Commissioner's determination is incorrect. Rule 142(a);[2] Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioners argue generally that the burden of proof has shifted to respondent under section 7491(a). If a taxpayer asserts a reasonable dispute with respect to any item of income reported on a third-party information return and the

---

[2]Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue and Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*4]** taxpayer has fully cooperated with the Secretary, the Secretary has the burden of producing reasonable and probative information concerning that deficiency in addition to such information return. Sec. 6201(d). Petitioners contend that they have satisfied the requirements of section 6201(d) and therefore the burden of producing reasonable and probative information with respect to the accuracy of the Form 1099-DIV for BNSF is on respondent.[3] We need not decide these procedural issues because we decide the disputed issue on the preponderance of the evidence.

II. Whether Petitioners Received the Disputed Dividend Payments in 2009

As with many other cases decided by this Court, see, e.g., Diaz v. Commissioner, 58 T.C. 560, 564 (1972), "[t]his case epitomizes the ultimate task of a trier of the facts--the distillation of truth from falsehood which is the daily grist of judicial life." The documentary evidence that respondent provided conflicts with petitioner husband's detailed and energized testimony. We must resolve that conflict.

Respondent relies on the February 28, 2014, letter from Computerserve, which states that the disputed dividend payments had been made and which

---

[3]Petitioners do not dispute that they owned 1,176 shares of BNSF stock in 2009 or that BNSF issued quarterly dividends of $470 each, but dispute that they received more than one of those payments.

**[\*5]** includes a copy of a Form 1099-DIV apparently sent to petitioners' home address reporting those payments.

Petitioner husband testified that petitioners did not receive the disputed dividend payments in 2009 or a Form 1099-DIV reporting those payments and that he does not recall having negotiated any checks.[4] His testimony included details regarding the acquisition of BNSF by Berkshire Hathaway and his persistent but unsuccessful attempts to make inquires with Computerserve and Wells Fargo about the disputed dividend payments. He called the phone number provided in the February 28, 2014, letter, but was unable to speak to anyone regarding that letter.

We decide whether a witness's testimony is credible based on objective facts, the reasonableness of the testimony, the consistency of statements made by the witness, and the demeanor of the witness. See Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), aff'g 41 T.C. 593 (1964); Pinder v. United States, 330 F.2d 119, 124-

---

[4]Attached to petitioners' answering brief are several documents that petitioners contend establish that they never negotiated the BNSF dividend checks. These documents were not offered into evidence. Documents attached to a party's brief are not evidence. Rule 143(c). Therefore, we will not consider them. See Perkins v. Commissioner, 40 T.C. 330, 340 (1963); Godwin v. Commissioner, T.C. Memo. 2003-289.

**[*6]** 125 (5th Cir. 1964); <u>Concord Consumers Hous. Coop. v. Commissioner</u>, 89 T.C. 105, 124 n.21 (1987).  We may discount testimony which we find to be unworthy of belief, <u>see</u> <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986), but we may not arbitrarily disregard testimony that is competent, relevant, and uncontradicted, <u>see</u> <u>Conti v. Commissioner</u>, 39 F.3d 658, 664 (6th Cir. 1994), <u>aff'g and remanding</u> 99 T.C. 370 (1992) <u>and</u> T.C. Memo. 1992-616.  Petitioner husband has devoted a substantial amount of time to contest the relatively small amount of tax liability at issue here, and he testified consistently, clearly, and with considerable conviction in explaining the negative--that he did not receive the disputed dividend payments.  He has persuaded us that he did not receive the disputed dividend payments in 2009.

<u>Decision will be entered under</u>

<u>Rule 155</u>.