T.C. Summary Opinion 2019-20

UNITED STATES TAX COURT

DIANA DOUCOURE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 11326-16S, 25317-16S          Filed August 12, 2019.

Diana Doucoure, pro se.

<u>Lyle B. Press</u>, <u>Gennady Zilberman</u>, <u>Byron M. Huang</u>, and <u>Jonathan Bartolomei</u>, for respondent.

SUMMARY OPINION

COLVIN, <u>Judge</u>: These cases were heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petitions were filed.

---

[1]Section references are to the Internal Revenue Code in effect for the years at issue. Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner was a resident of New York when the petition was filed.

Pursuant to section 7463(b), the decisions to be entered are not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

By notices of deficiency dated April 22 and October 17, 2016, respondent determined deficiencies of $4,980 and $5,065 in petitioner's Federal income tax for 2014 and 2015, respectively. After concessions, the issue for decision is whether petitioner is eligible for the earned income tax credit for 2014 or 2015. We hold she is not.

## Background

Some of the facts have been stipulated and are so found.

A. Petitioner's Street Vending Activity

Petitioner was self-employed as a street vendor in New York, New York, during 2014 and 2015. She sold socks, T-shirts, and hats. She obtained items to sell from people who approached her on the street. She paid cash for those items and did not keep inventory records.

Petitioner's customers usually paid her in cash, and she rarely recorded sales. She usually did not give receipts to her customers. At the end of each workday, petitioner counted the money she had received and then decided how much to keep for her personal use.

Petitioner had a bank account at Citibank during 2014 and 2015. She sometimes deposited money from her street vending activity into her bank account. Petitioner closed the account in 2016 and did not retain any of the records for the account.

B.     Petitioner's Tax Returns for 2014 and 2015

Petitioner timely filed Forms 1040, U.S. Individual Income Tax Return, for 2014 and 2015 which included Schedules C, Profit or Loss From Business, for her street vending activity. On her 2014 Schedule C petitioner reported gross sales receipts of $16,889, business expenses of $1,355, and a net profit of $15,534. On her 2015 Schedule C she reported gross sales receipts of $17,110, no business expenses, and a net profit of $17,110. Petitioner claimed that she was eligible for an earned income tax credit of $5,460 for 2014 and $5,548 for 2015.

C.     IRS Audit

The only documents petitioner provided to the Internal Revenue Service (IRS) relating to her street vending activity were six receipts (totaling $1,612.25[2]) for items she purchased for resale during 2014. Petitioner timely filed petitions for both notices of deficiency. We consolidated the cases on December 11, 2017.

_____

[2]The receipts are in the amounts of $355, $250, $156, $350, $400, and $101.25.

-4-

## Discussion

A.     Burden of Proof

The Commissioner's determination in a notice of deficiency is generally presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner does not contend that she satisfied the requirements of section 7491 for shifting the burden of proof. See Rule 142(a). Thus, the burden of proof for all factual issues remains with petitioner.

B.     Analysis

Eligible individuals may be entitled to an earned income tax credit against their income tax liabilities if they meet the requirements of section 32(a)(1). As earned income increases, the amount of the credit also increases, then reaches a peak, and then decreases and ultimately phases out as income further increases. Petitioner contends that she had earned income in the amounts reported on her Forms 1040 for 2014 and 2015. Petitioner claims the amount of her earned income from her street vending activity was $15,534 for 2014 and $17,110 for 2015. Those amounts would qualify her for the highest earned income tax credit

available to a taxpayer with the number of dependents she claimed for those years.[3]  2014 Form 1040 Instructions, at 63; 2015 Form 1040 Instructions, at 64.

Petitioner provided only the six purchase receipts and her testimony to establish the amounts of her gross receipts and expenses for 2014 and 2015.  She testified that she had gross sales receipts and business expenses in the amounts reported on her 2014 Schedule C.  She also testified that she relied on documents from her Citibank account in reporting the amounts of her gross sales receipts.  However, she offered no bank records into evidence in these cases, and she testified that she closed the account at some point in 2016 and discarded all of her bank records.

We decide whether a witness' testimony is credible by relying on objective facts, the reasonableness of the testimony, the consistency of statements made by the witness, and the demeanor of the witness.  See Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), aff'g 41 T.C. 593 (1964); Pinder v. United States, 330 F.2d 119, 124-125 (5th Cir. 1964); Concord Consumers Hous. Coop. v. Commissioner, 89 T.C. 105, 124 n.21 (1987).  Witness testimony could almost always be said to be "self-

---

[3]The largest earned income tax credit for an eligible individual with two qualifying children was $5,460 for 2014 and $5,548 for 2015.

serving", but that factor alone is not a reason to automatically reject the evidence as unreliable. Lupyan v. Corinthian Colls., Inc., 761 F.3d 314, 320-321, 321 n.2 (3d Cir. 2014). We may discount testimony which we find to be unworthy of belief, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), but we may not arbitrarily disregard testimony that is competent, relevant, and uncontradicted, see Conti v. Commissioner, 39 F.3d 658, 664 (6th Cir. 1994), aff'g and remanding 99 T.C. 370 (1992), and T.C. Memo. 1992-616.

Petitioner testified she relied on her memory in knowing that she had business expenses of $1,355 for 2014. However, the purchase receipts provided to the IRS show her business expenses for 2014 exceeded $1,600. She reported on her Schedule C for 2015 that she had no business expenses during that year, but at trial she testified that the amount of her 2015 business expenses was identical to the amount she had for 2014. Because of anomalies and inconsistences in her testimony, and the inadequately explained disappearance of her banking records, we do not find her testimony regarding the amounts of her income and expenses for 2014 and 2015 to be credible. Thus, petitioner has not established the amount of her earned income for 2014 and 2015, and she provided no evidence on which we can estimate the amounts of her income and expenses.

Petitioner contends that she is entitled to a tax refund for 2015 because she timely filed her 2015 tax return and submitted the documents requested of her. However, merely filing a return and claiming a credit does not qualify a taxpayer for a refund. Petitioner also contends that she has a constitutional right to receive a tax refund. We disagree. Petitioner has no right to receive a refund based on an earned income tax credit if she does not meet the statutory requirements for that credit. Thus, petitioner has not shown that she is entitled to an earned income tax credit for 2014 or 2015.

To reflect the foregoing,

Decisions will be entered under

Rule 155.