**CLARKE HYBRID CORN CO., Inc.**

v.

**STRATTON GRAIN CO.**

No. 14959.

United States Court of Appeals,
Eighth Circuit.

June 29, 1954.

John L. Butler, Eldora, Iowa (Lyman R. Lundy, Eldora, Iowa, on the brief), for appellant.

Herschel G. Langdon, Des Moines, Iowa (Ross H. Sidney, Des Moines, Iowa, on the brief), for appellee.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

The Stratton Grain Company (hereinafter called "Stratton"), a Delaware corporation and a dealer in corn and other grains, with its principal place of business at Milwaukee, Wisconsin, undertook in the fall of 1950 to sell three carloads of shelled corn as agent for the Clarke Hybrid Corn Company (hereinafter called "Clarke"), an Iowa corporation with its principal place of business at Conrad, Iowa. As a result of Stratton's undertaking and the subsequent condemnation of the corn by the United States, Stratton was out of pocket to the extent of more than $6,000. Stratton brought this action to recover its expenditures, incurred in handling the corn, from Clarke, which denied liability. The issues were tried to the court. Judgment was in favor of Stratton, and Clarke has appealed.

The three carloads of corn were shipped by Clarke to Stratton on consignment in September, 1950, from Whitten, Iowa, to Chicago, Illinois, for the purpose of having Stratton sell the corn for Clarke. Stratton advanced Clarke $5,100 against the shipments. Stratton was advised by Clarke that about one-seventh of the corn had been treated with a duPont preparation known as "Arasan". Clarke was notified by Stratton that Stratton would assume no responsibility for such condition of the corn and would act only as agent for Clarke in selling the corn. Stratton had nothing to do with the treatment of the corn, and had no knowledge that the treatment rendered the corn subject to condemnation under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq., or made it unmarketable.

Stratton, on October 2, 1950, as agent for Clarke, sold the three cars of corn to Flinchbaugh Grain Corporation, of Buffalo, New York (hereinafter called "Flinchbaugh"), obtained from Flinchbaugh an advance of $5,100, and forwarded to it at Buffalo the cars of corn from Chicago on exchange bills-of-lading.

Upon the arrival of the three cars of corn at Buffalo, and before they were delivered to Flinchbaugh, the Government filed a libel action against the corn in the United States District Court for the Western District of New York, at Buffalo, seeking condemnation of the corn under the Federal Food, Drug, and Cosmetic Act, 21 U.S.C.A. § 301 et seq. The cars of corn were seized in Buffalo and held by the United States Marshal. Clarke, as the sole owner of the corn, intervened in the condemnation action and consented to the entry of a decree of condemnation which permitted the corn to be released to Clarke and to be sold by it under certain conditions and restrictions. Clarke repossessed the corn and sold it in accordance with the terms of the decree, for apparently the gross amount of $10,218.32. Stratton was not

a party to, and did not participate in, the condemnation action.

In October, 1951, Flinchbaugh brought an action against Stratton in the United States District Court for the Western District of New York, at Buffalo, to recover the $5,100 which Flinchbaugh had advanced Stratton in connection with the purchase of the corn which Flinchbaugh had never received and which Clarke had repossessed and sold under the terms of the decree in the condemnation action. Stratton tendered the defense of this action to Clarke, which refused to defend. In April of 1952, on motion of Flinchbaugh, a summary judgment for $5,100 was entered in its favor against Stratton, and, after tendering to Clarke the right of appeal from the judgment, Stratton paid it.

The United States District Court for the Northern District of Iowa determined that Stratton was entitled to recover from Clarke the $5,100 advance payments made to Clarke in September 1950, with interest in the sum of $722.50, plus Stratton's necessary expenses resulting from its handling of the corn, namely, $725.19 attorneys' fees, $93.77 demurrage and inspection fees, and $110.15 toll charges.

Apparently the main contention of Clarke in the District Court was that in handling the corn Stratton was engaged in an illegal transaction, violative of the Federal Food, Drug, and Cosmetic Act and similar state statutes. This, Clarke claimed, prevented Stratton from recovering anything from Clarke. Clarke also contends that it would not be unjustly enriched by being permitted to keep the $5,100 of Stratton's money, which Stratton had advanced to Clarke upon the assumption that the corn was legally salable.

The court concluded: (1) that there was an implied warranty on the part of Clarke that the corn was lawfully merchantable; (2) that the unmerchantable condition of the corn was adjudicated in the condemnation action in New York to which Clarke was a party; and (3) that the advancement by Stratton of $5,100 to Clarke and Stratton's handling of the corn as agent for Clarke did not constitute an illegal transaction precluding Stratton from recovering from Clarke Stratton's advancement and necessary expenses.

Clarke contends, in effect, on this appeal that the District Court erred in failing to consider that Stratton could have defeated the action of Flinchbaugh by proving that Stratton was the known agent of Clarke and that the contract with Flinchbaugh was illegal; and that the court also erred in failing to find that Stratton's reimbursement of Flinchbaugh was voluntary and negligent. We find no basis in the record for any of these contentions. Clarke had its opportunity to defend the Flinchbaugh suit against Clarke's agent Stratton, and refused to do so, and is now in no position to complain of the result.

It is evident that in taking this appeal the appellant has overlooked a number of the rules applicable to appellate reviews.

One of them is that the prevailing party is entitled to have the evidence viewed in the aspect most favorable to it, and to have the benefit of all reasonable inferences deducible therefrom. Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 418.

A second rule is that this Court will not retry issues of fact or substitute its judgment for that of the trial court respecting such issues. Cleo Syrup Corporation v. Coca-Cola Co., supra, 139 F.2d 416, 417–418; Pendergrass v. New York Life Insurance Co., 8 Cir., 181 F.2d 136; Noland v. Buffalo Insurance Co., 8 Cir., 181 F.2d 735, 738.

A third rule is that the burden of demonstrating error is upon the appellant, and that in cases controlled by local law this Court will accept the considered views of the trial judge as to the applicable law unless convinced that his views are erroneous. Western Casualty & Surety Co. v. Coleman, 8 Cir., 186 F.2d 40, 43; Kimble v. Willey, 8 Cir., 204 F.2d 238, 243.

**10**

The findings of the District Court are supported by the evidence and are binding upon this Court. The findings sustain the judgment in favor of Stratton. We think the case was correctly decided. Clarke calls attention to an inadvertent error in the form of judgment, which, according to the record, provides interest upon the judgment from August 3, 1951, instead of from August 3, 1953, the date when judgment was entered. The docket entries of the Clerk of the District Court, which are contained in the printed record on appeal, indicate that the correction has already been made.

The judgment, as thus corrected, is affirmed.