**Gilbert WEISS, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 15182.**

United States Court of Appeals, Eighth Circuit.

April 15, 1955.

Rehearing Denied May 13, 1955.

Martin A. Rosenberg and Rodney Weiss, St. Louis, Mo. (Gilbert Weiss, St. Louis, Mo., pro se, was with them on the brief), for petitioner.

C. Guy Tadlock, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., and Ellis N. Slack and George F. Lynch, Sp. Assts. to the Atty. Gen., were on the brief), for respondent.

Before SANBORN, COLLET and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is a petition to review a decision of the Tax Court redetermining a deficiency in the petitioner's income tax for the year 1947. The deficiency (except for a small amount not in controversy)

154

resulted from the disallowance by the Commissioner of Internal Revenue of a deduction of $15,633.71 taken by the petitioner in his tax return for that year as a loss resulting from the failure of a housing project or joint venture known as the "Norlan Project" (also referred to in the record and briefs as "Norland Project"), with which the petitioner claimed to have terminated his connection in 1947.

The disallowance of this deduction by the Commissioner was based upon his conclusion that the petitioner had not withdrawn from the project in 1947, but had continued his connection with it until December, 1948, and had sustained no loss deductible from gross income in 1947 under Section 23(e) (2) of the Internal Revenue Code, 26 U.S.C.A. § 23 (e) (2) [1] and the applicable regulations.[2]

It was the position of the petitioner before the Tax Court that in 1947 he sustained a deductible loss of $15,633.71 as the result of the failure of one joint venture, and that in 1948 he sustained a loss of $5,742.98 in another unsuccessful joint venture, and that the two losses and the two joint ventures were separate and distinct. The position of the Commissioner was that the losses which the petitioner regarded as separate losses from two distinct joint ventures constituted together a loss from one joint venture only and that the loss was sustained in 1948 and no part of it was deductible from gross income in 1947.

What the Tax Court was called upon to decide was whether the petitioner had sustained deductible losses in each of the years 1947 and 1948, as he claimed, rather than a single loss deductible only in 1948, as the Commissioner had determined.

The case was submitted to the Tax Court upon a stipulation of facts and the testimony of the petitioner and of witnesses produced by him. The parties stipulated that the Tax Court might find as facts that:

"3. Petitioner, Gilbert Weiss, J. Ben Miller and Edward T. Hanlon in 1946 entered into a joint venture known as the Norlan Project, a housing project under section 608 of the Federal Housing Act [12 U.S.C.A. § 1743].

"4. The Norlan Project was abandoned in December, 1948.

"5. The petitioner, Gilbert Weiss, sustained a total loss of $21,376.69 as a result of the failure of the Norlan Project."

The record shows that the petitioner, a practicing attorney, and his two associates, Miller, a realtor, and Hanlon, a consulting architect and engineer, in 1946 procured an option to purchase for $55,000 some 22 acres of land in St. Louis, Missouri, upon which they proposed, with Government assistance, to construct a multiple housing project under the Federal Housing Act; that plans and specifications were prepared and application made to the Federal Housing Administration for a permit for the building of the project; that the cost could not be brought within the estimates made by the Housing Administration; that the joint venturers could not

1. "§ 23. *Deductions from gross income.* In computing net income there shall be allowed as deductions:
\* \* \* \* \*
"(e) *Losses by individuals.* In the case of an individual, losses sustained during the taxable year and not compensated for by insurance or otherwise—
\* \* \* \* \* \*
"(2) if incurred in any transaction entered into for profit, though not connected with the trade or business; \* \* \*."

2. Treasury Regulations 111, promulgated under the Internal Revenue Code:
"Sec. 29.23 (e)-1. *Losses by individu-* als. Losses sustained by individual citizens or residents of the United States and not compensated for by insurance or otherwise are fully deductible if (a) incurred in the taxpayer's trade or business, or (b) incurred in any transaction entered into for profit, or \* \* \*.

"In general losses for which an amount may be deducted from gross income must be evidenced by closed and completed transactions, fixed by identifiable events, bona fide and actually sustained during the taxable period for which allowed. Substance and not mere form will govern in determining deductible losses. \* \* \*"

meet its requirement that they deposit in escrow $180,000, the difference between their cost estimate and that of the Administration; that the option on the land was extended from time to time during 1946 and 1947, until October 15, 1947, and that the Investors Syndicate, with which petitioner and his associates had arranged for a F.H.A. building loan, withdrew its commitment on November 5, 1947; that petitioner told his associates that he could not go through with the project and was closing the matter as of December 31, 1947; that they suggested that he go to Washington, D. C., which he did, to no avail; that in December, 1947, the petitioner and Miller, who were to divide the expenses of the joint venture between them, balanced their accounts; that the venture—which the petitioner testified consisted in January, 1948, of Miller and Hanlon—paid the rent for that month on the office it occupied; that the assets of the joint venture consisted of office furniture and equipment and the plans and specifications prepared by Hanlon; and that the petitioner's total expenditures in 1947 on account of the joint venture were $15,633.71.

The record also shows that in the latter part of January, 1948, Leo Laughren, a St. Louis attorney, told the petitioner that he had heard that the petitioner "had a housing project that had gone sour"; that the petitioner stated that it had so far as he was concerned because he could not afford the amount of money necessary to continue it; that Laughren referred the petitioner to Horace Deal, of the H. B. Deal Construction Company; that the petitioner saw Deal in February, 1948, and arranged with him that if Hanlon would work with Deal's engineers and architects in revising the plans and "reducing the estimate and bring it within the F.H.A. specifications" and if the project was built or sold, the petitioner and Miller would get their money back and Hanlon would be paid an equivalent amount for his services; that the 22-acre tract of land was held available by its owners for purchase by petitioner and his associates during 1948; that on November 12, 1948, the petitioner, by letter, had requested "that the option be extended until January 15th," 1949, on terms, which the owners accepted; that the H. B. Deal Construction Company tried, by changing the plans, to bring down the cost, but finally decided not to take over the project; that the deductions petitioner took for a loss in 1948 represented what he spent on account of the project from February, 1948, to the close of that year.

The petitioner's contention is that it conclusively appears from the evidence that his connection with the joint venture in which he, Miller and Hanlon were associated in 1947 ended December 31, 1947, and that the arrangement that was made with Deal in 1948, in attempting to salvage what the joint venturers had spent or contributed in 1947, was an entirely different project.

■■ The burden was upon the petitioner to prove that he sustained the loss in 1947 which he claimed was deductible from his gross income for that year. Burnet v. Houston, 283 U.S. 223, 227, 51 S.Ct. 413, 75 L.Ed. 991; Boehm v. Commissioner, 326 U.S. 287, 294, 66 S.Ct. 120, 90 L.Ed. 78; Cf. Alison v. United States, 344 U.S. 167, 73 S.Ct. 191, 97 L.Ed. 186. The ruling of the Commissioner that the petitioner's loss from his dealings with the Norlan Project was not evidenced by any closed or completed transaction occurring in 1947 and did not become a deductible loss in that year had the support of a presumption of correctness, and the petitioner had the burden of proving it to be wrong. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212.

■■ It seems obvious that the issue as to the time when a loss from a venture which ultimately fails has actually been sustained within the meaning of the applicable law is an issue of fact if it is at all doubtful either because of a conflict in the evidence or because different inferences reasonably may be drawn from undisputed facts. It is only when the evidence is all one way or so

overwhelmingly one way as to leave no doubt as to what the fact is, that the issue becomes one of law. Gunning v. Cooley, 281 U.S. 90, 94, 50 S.Ct. 231, 74 L.Ed. 720; Tyson v. Commissioner, 8 Cir., 146 F.2d 50, 54. Cf. Lacy v. United States, 7 Cir., 207 F.2d 352, 354.

■■ The Tax Court in the instant case was the trier of the facts, the judge of the credibility of the witnesses and the weight of evidence. It was for that court to determine what inferences were reasonably to be drawn from the evidentiary facts. Boehm v. Commissioner, supra, at pages 293–294 of 326 U.S., at page 124 of 66 S.Ct.; Helvering v. Johnson, 8 Cir., 104 F.2d 140, 144; Tyson v. Commissioner, supra, at page 54 of 146 F.2d. The Tax Court was not compelled to believe evidence which to it seemed unreasonable or improbable, or to accept at full face value the evidence of interested witnesses even if uncontradicted. Noland v. Buffalo Ins. Co., 8 Cir., 181 F.2d 735, 738.

■ That the Tax Court might have found that the petitioner definitely withdrew from the project in 1947 and that his efforts to salvage something from the abandoned venture in 1948 for himself and his associates were completely disconnected from the 1947 activities, does not mean that the Court was compelled to do so.

■ This Court will not retry issues of fact or substitute its judgment for that of the trial court respecting such issues. Noland v. Buffalo Ins. Co., supra, at page 738 of 181 F.2d; Clarke Hybrid Corn Co., Inc. v. Stratton Grain Co., 8 Cir., 214 F.2d 7, 9; Cleo Syrup Corporation v. Coca-Cola Co., 8 Cir., 139 F.2d 416, 417–418, 150 A.L.R. 1056.

■ It is our opinion that, under the evidence in this case, the issue whether the petitioner sustained a deductible loss in 1947 because of his alleged withdrawal from the unsuccessful Norlan Project, was an issue of fact for the Tax Court, Boehm v. Commissioner, supra, at pages 293–294 of 326 U.S., at page 124 of 66 S.Ct.; Alison v. United

States, supra, at page 170 of 344 U.S., at page 192 of 73 S.Ct., and not an issue of law for this Court; that the issue was competently tried and determined; and that the findings of the Tax Court are not "clearly erroneous" and may not be set aside by this Court.

The decision of the Tax Court is affirmed.