T.C. Memo. 2005-231


UNITED STATES TAX COURT



CAREY K. PARKER II, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8214-04L.                    Filed October 3, 2005.


Carey K. Parker II, pro se.

<u>Marty J. Dama</u>, for respondent.



MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  Respondent sent petitioner a Decision Letter Concerning Equivalent Hearing Under Section 6320 and/or 6330[1] for 1994, 1995, 1996, and 1997.  The issue for decision is whether the Court lacks jurisdiction under section 6330(d)(1) with regard to the years in issue.

_____

    [1] Unless otherwise indicated, all section references are to the Internal Revenue Code.

Background

At the time he filed the petition, petitioner resided in Arlington, Texas. Since at least 2000, petitioner has resided in a private residence at 6411 Shorewood Drive, Arlington, Texas, 76016-2540117 (Shorewood address).

Petitioner failed to file income tax returns for 1994, 1995, 1996, and 1997. On October 22, 1996, respondent assessed petitioner's tax liability (including penalties and interest) for 1994, and on December 10, 2001, respondent assessed petitioner's tax liabilities (including penalties and interest) for 1995, 1996, and 1997.

On September 2, 2003, respondent mailed petitioner a notice of intent to levy and right to a section 6330 hearing for 1994, 1995, 1996, and 1997 at the Shorewood address (hearing notice).

After receiving no response to the hearing notice, on November 10, 2003, respondent mailed petitioner a Final Notice Before Levy on Social Security Benefits. As of November 10, 2003, petitioner owed taxes, penalties, and interest totaling $42,272.55, $42,698.46, $40,945.03, and $33,522.46 for 1994, 1995, 1996, and 1997, respectively.

On December 7, 2003, petitioner mailed respondent a Form 12153, Request for a Collection Due Process Hearing (dated December 6, 2003) for 1994, 1995, 1996, and 1997 (hearing request). Petitioner attached to the hearing request a 10-page

explanation of disagreement containing frivolous and groundless arguments, including that he could not find any statute making him liable for the taxes in issue and that he has no liability for "income taxes".

On March 22, 2004, respondent mailed petitioner a letter advising petitioner that respondent had received petitioner's hearing request and that the issues and arguments he raised in his hearing request are of the kind that courts have determined are frivolous or groundless. In this letter, respondent directed petitioner to a document entitled "The Truth About Frivolous Tax Arguments" and a link to an IRS Web site containing this document. Respondent scheduled a telephonic hearing for April 8, 2004, at 1 p.m. The letter further advised petitioner that if the Appeals Office did not receive any further information from petitioner or petitioner was not available when called for the scheduled hearing, his case would be reviewed based on the information in petitioner's file.

On April 7, 2004, in response to respondent's March 22, 2004, letter, a letter was mailed to respondent demanding a face-to-face hearing. In the April 7, 2004, letter, petitioner did not list any spousal defenses or collection alternatives, and he did not list any nonfrivolous arguments regarding the appropriateness of collection actions or his underlying tax liabilities.

On April 13, 2004, respondent issued to petitioner the decision letter. The decision letter advised petitioner that respondent reviewed the proposed collection action for 1994, 1995, 1996, and 1997 and that petitioner received an equivalent hearing because he did not file a request for a section 6330 hearing within the time prescribed under section 6320 and/or 6330 in order to receive a section 6330 hearing. The decision letter further stated that petitioner did not raise any issues that were relevant to paying his tax liability but that petitioner raised only frivolous issues. The decision letter also stated that petitioner had no right to dispute the decision of the Appeals officer in court, cited Pierson v. Commissioner, 115 T.C. 576 (2000), to petitioner, and warned petitioner that if he appealed the decision letter to the Tax Court, the Court is empowered to impose sanctions up to $25,000 for instituting or maintaining an action primarily for delay or taking a position that is frivolous or groundless.

Petitioner petitioned the Court to dispute the decision letter. Respondent filed a motion to dismiss for lack of jurisdiction. Petitioner filed a response to respondent's motion to dismiss for lack of jurisdiction. Respondent filed a response to petitioner's response to respondent's motion to dismiss for lack of jurisdiction.

The Court held a hearing on respondent's motion to dismiss for lack of jurisdiction. At calendar call, respondent filed an amendment to motion to dismiss for lack of jurisdiction.

Discussion

I. Decision Letter

Petitioner argues that respondent did not send him the hearing notice as required by section 6330(a), that the first collection notice he received was the Final Notice Before Levy on Social Security Benefits, that he timely filed a hearing request from the Final Notice Before Levy on Social Security Benefits, that the decision letter is the functional equivalent of a notice of determination, and accordingly that the Court has jurisdiction over this case pursuant to section 6330.

Respondent submitted a document entitled "CDP Certified Mail System Research" printed from respondent's "CDP Certified Mail Web Site" (Web site certified mail document). Respondent submitted the Web site certified mail document because respondent initially had difficulty obtaining a hard copy of the certified mail list. The certified mail list was issued from the Memphis Service Center, which no longer processes section 6330 cases, and many section 6330 records issued from the Memphis Service Center have been placed in storage. Respondent created the Web site certified mail document by inputting into respondent's computer system the information contained in the certified mail list

before the certified mail list was placed in storage. The Web site certified mail document lists: (1) Certified mail number 7107 3514 6973 1734 2376; (2) petitioner's name and Social Security number; (3) a letter dated September 1, 2003, that was mailed to petitioner for 1994, 1995, 1996, and 1997; (4) a code indicating that the mailing was a notice of intent to levy and right to a hearing; and (5) that it was mailed to "ARLINGTON TX 76016-2540117."

A few days before calendar call, respondent received a copy of the certified mail list. Respondent submitted a copy of the certified mail list to the Court and provided a copy to petitioner. The certified mail list lists certified mail number 7107 3514 6973 1734 2376; petitioner's name and Social Security number; the mailing was mailed to the Shorewood address; and a postmark dated September 2, 2003, from "Memphis, TN USPS 38101".

Additionally, respondent submitted petitioner's individual master file literal transcripts of account for 1994, 1995, 1996, and 1997. The transcripts of account for each year indicate that petitioner was issued an "Intent to levy collection due process notice levy notice" dated September 1, 2003. The transcripts of account contain the same code number next to the "Intent to levy collection due process notice levy notice" as is listed on the Web site certified mail document.

Respondent relies on the Web site certified mail document, the certified mail list, and the literal transcripts to establish that on September 2, 2003, petitioner was mailed, via certified mail, a hearing notice for 1994, 1995, 1996, and 1997 to the Shorewood address. Petitioner admitted that the address listed on the Web site certified mail document and certified mail list is, and was in September 2003, his correct address. The Web site certified mail document, the certified mail list, and the literal transcripts are consistent and corroborate that respondent mailed petitioner, via certified mail, the hearing notice no later than September 2, 2003.

Petitioner claims that he did not receive the hearing notice. Petitioner's testimony is inconsistent with the documentary evidence in the record. Orum v. Commissioner, 123 T.C. 1, 9 (2004), affd. on other grounds 412 F.3d 819 (7th Cir. 2005). The Court is not required to accept petitioner's unsubstantiated testimony. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964). The Court need not accept at face value a witness's testimony that is self-interested or otherwise questionable. See Archer v. Commissioner, 227 F.2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court; Weiss v. Commissioner, 221 F.2d 152, 156 (8th Cir. 1955), affg. T.C. Memo. 1954-51; Schroeder v. Commissioner, T.C. Memo. 1986-467. After observing petitioner's

demeanor at trial, we find his testimony on this point not to be credible.  See <u>Orum v. Commissioner</u>, <u>supra</u> at 9.

Accordingly, we find that on September 2, 2003, respondent mailed petitioner the hearing notice for 1994, 1995, 1996, and 1997 to petitioner's last known address, that petitioner received it in due course, and that petitioner failed to file a timely request for an Appeals Office hearing pursuant to section 6330(a)(2) and (3)(B) and (b).

A decision letter is not a determination letter pursuant to section 6320 or 6330.  See <u>Orum v. Commissioner</u>, <u>supra</u> at 7-12; <u>Kennedy v. Commissioner</u>, 116 T.C. 255, 263 (2001); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 495 (2000).  Respondent did not issue a determination letter to petitioner sufficient to invoke the Court's jurisdiction to review the hearing notice for 1994, 1995, 1996, and 1997.  <u>Orum v. Commissioner</u>, <u>supra</u>; <u>Kennedy v. Commissioner</u>, <u>supra</u>.  Accordingly, we shall dismiss the petition for lack of jurisdiction on the ground that respondent did not make a determination pursuant to section 6330 regarding the hearing notice for 1994, 1995, 1996, and 1997 because petitioner failed to file a timely request for an Appeals Office hearing pursuant to section 6330(a)(2) and (3)(B) and (b).  <u>Orum v. Commissioner</u>, <u>supra</u>; <u>Kennedy v. Commissioner</u>, <u>supra</u>.

II. <u>Section 6673</u>

Section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not to exceed $25,000 if the taxpayer took frivolous or groundless positions in the proceedings or instituted the proceedings primarily for delay.  A position maintained by the taxpayer is "frivolous" where "it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law."  <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986); see also <u>Hansen v. Commissioner</u>, 820 F.2d 1464, 1470 (9th Cir. 1987) (section 6673 penalty upheld because taxpayer should have known claim was frivolous).

Petitioner's petition is replete with tax-protester rhetoric.  Petitioner has advanced shopworn arguments characteristic of tax-protester rhetoric that has been universally rejected by this and other courts.  <u>Wilcox v. Commissioner</u>, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; <u>Carter v. Commissioner</u>, 784 F.2d 1006, 1009 (9th Cir. 1986).

Additionally, it is obvious to the Court that petitioner litigated this case primarily for delay.  Petitioner was advised of our opinion in <u>Pierson v. Commissioner</u>, <u>supra</u>, and that he could not litigate respondent's decision in court.

We conclude that petitioner's position was frivolous and groundless and that petitioner instituted and maintained these proceedings primarily for delay.  Petitioner was duly warned that his arguments were frivolous and groundless, that his case was not appealable to the Court, and of the potential consequences of his actions.  Accordingly, pursuant to section 6673(a), we hold petitioner is liable for a $1,000 penalty.

To reflect the foregoing,

<u>An appropriate order and order of dismissal will be entered</u>.