T.C. Memo. 2007-168

UNITED STATES TAX COURT

EDWARD W. AND EDITH M. ARNOLD, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16573-05.                    Filed June 27, 2007.

Edward W. and Edith M. Arnold, pro sese.

<u>Kelley A. Blaine</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined the following deficiencies in, addition to, and penalties on petitioners' Federal income tax:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|------------------------------|---------------------|
| 2002 | $31,482 | -- | $6,296.40 |
| 2003 | 16,996 | $2,275.90 | 3,399.20 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession by respondent,[1] the issues for decision are:  (1) Whether petitioners substantiated deductions, losses, and/or cost of goods sold in excess of amounts respondent allowed or conceded for 2002 and 2003, (2) whether petitioners are liable for self-employment tax in 2002 and 2003, (3) whether petitioners are liable for the section 6651(a)(1) addition to tax for 2003, and (4) whether petitioners are liable for the section 6662(a) penalty for 2002 and 2003.

FINDINGS OF FACT

None of the facts have been stipulated.  Confronted with petitioners' refusal to work toward a stipulation of facts, respondent filed, among other things, requests for admission pursuant to Rule 90.  After the Court granted a motion by petitioners to extend the time for their reply to respondent's requests for admission, petitioners did not file a response within the time permitted to respondent's requests for admission, including the extension of time granted by the Court.

---

[1] Respondent concedes that petitioners substantiated $3,122.52 in labor expenses for 2003 (attributable to services performed by William Ray).

Accordingly, each matter in the requests for admission was deemed admitted pursuant to Rule 90(c).

Approximately 1 week after the matters of which respondent requested admission were deemed admitted pursuant to Rule 90(c), petitioners served on the Court an untimely response to respondent's requests for admission. The Court ordered the deemed admissions withdrawn and ordered petitioners' response to requests for admission be filed. The facts petitioners admitted in the response to requests for admission are conclusively established and are so found. See Rule 90(f). Unless otherwise indicated, all facts relate to the years in issue--2002 and 2003.

At the time they filed the petition, petitioners resided in Portland, Oregon.

## I.  Income (Self-Employment Tax)

Edith Arnold was a realtor associated with Coldwell Banker, and Edward Arnold was an accountant and tax return preparer.

Mrs. Arnold was the 100-percent owner of Edith M. Arnold, P.C. (EAPC). Mrs. Arnold operated EAPC as a vehicle for her real estate practice. Mrs. Arnold assigned to EAPC the payments she earned for her services as a realtor. EAPC has never paid Mrs. Arnold wages or a salary. EAPC has never withheld payroll taxes on the money it distributed to Mrs. Arnold. Mrs. Arnold had complete control over whether EAPC paid and/or reported wages to her. Mrs. Arnold used her own name, not EAPC and without

reference to EAPC, on documents accounting for expenses, payments, and sales commissions connected with her real estate practice associated with Coldwell Banker.

Mr. Arnold was the 100-percent owner of Pacific Controller, Inc. (PCI). Mr. Arnold operated PCI as a vehicle for his accounting and tax preparation business. Mr. Arnold assigned to PCI the payments he received from customers for his personal accounting services. PCI has never paid Mr. Arnold wages or a salary. Mr. Arnold had complete control over whether PCI paid and/or reported wages to him. PCI has never withheld payroll taxes on the money it distributed to Mr. Arnold. There was no contract between Mr. Arnold and PCI giving PCI the right to control Mr. Arnold's performance of services.

EAPC and PCI are S corporations. Petitioners reported nonpassive income (distributions of net income after expenses) from EAPC and PCI on Schedules E, Supplemental Income and Loss, of their 2002 and 2003 joint Federal income tax returns. Mr. Arnold prepared the 2002 and 2003 tax returns for petitioners, EAPC, and PCI. Petitioners reported zero wage income on their 2002 and 2003 joint Federal income tax returns.

II.  Disallowed Deductions and Other Amounts Claimed by Petitioners

A.  Interest

On Schedule E of their 2002 return, petitioners deducted $10,045 in interest.  Neither petitioner paid any interest to PCI.

B.  Labor Expenses

On Schedules E of their 2002 and 2003 returns, petitioners deducted $16,757 and $24,171, respectively, of labor expenses. Respondent concedes that petitioners paid $3,122.52 in labor expenses for 2003 (attributable to services performed by William Ray).

C.  Western Timber Farms, Inc.

On each of their 2002 and 2003 returns, petitioners claimed a Schedule E loss relating to an entity known as Western Timber Farms, Inc.

D.  Orion:  Cost of Goods Sold/Capital Loss

On Schedule C, Profit or Loss From Business, of their 2002 return, petitioners claimed $40,000 in cost of goods sold related to Orion Venture (Orion).  The "Principal business or professional activity code" entered on the Schedule C for Orion is 523900, which the Schedule C instructions state is for "Other financial investment activities (including investment advice)".

On their 2002 and 2003 returns, petitioners indicated that they did not have an interest in a financial account in a foreign

country (such as a bank account, securities account, or other financial account).  In 2001 and 2002, however, petitioners sent money to Orion via wire transfers to banks and beneficiaries in St. Kitts, West Indies, and Nevis, West Indies.

Orion purportedly invested in foreign currency trades that could net returns of 6 percent to 8 percent per month and 60 percent to 200 percent per year.  Orion appears to have been, in part,[2] a Ponzi scheme.  Many investors, however, successfully withdrew funds from Orion, which built customer confidence that Orion's operations were legitimate and that the returns and gains Orion reported to customers, including petitioners, were real.

In December 2003, petitioners received a letter from the U.S. Postal Inspection Service (USPIS), dated December 15, 2003, that indicated that petitioners might have been victims of fraud associated with Orion.  Following receipt of the December 15, 2003, letter from the USPIS, petitioners attempted to recover funds they had transferred to Orion.  During 2004, a newspaper printed a story about Orion which stated that the founder of Orion was suspected of misusing money provided to Orion. Sometime after reading the 2004 newspaper article, petitioners believed that any money they provided to Orion was lost and that their interest in Orion was worthless.

---

[2]  Some of the money Orion received was invested in currency trades.

On their 2002 and 2003 returns, petitioners claimed earned income credits (EIC) of $352,854 and $489,827, respectively. On their 2002 return, petitioners did not report any of the gains that Orion reported in statements to petitioners (which petitioners received during 2002). On November 15, 2004, petitioners signed their 2003 return. On November 18, 2004, respondent received petitioners 2003 return.

## OPINION

Generally, respondent's deficiency determinations set forth in the notice of deficiency are presumed correct, and petitioners bear the burden of showing the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, shifts the burden of proof to the Commissioner with respect to a factual issue affecting the tax liability of a taxpayer who meets certain conditions.

Petitioners have neither claimed nor shown that they satisfied the requirements of section 7491(a) to shift the burden of proof to respondent with regard to any factual issue affecting the deficiencies in their tax. Accordingly, petitioners bear the burden of proof. See Rule 142(a).

## I.  Self-Employment Tax

Section 1401 imposes self-employment tax on self-employment income.  Section 1402 defines net earnings from self-employment as the gross income derived by an individual from the carrying on of any trade or business by such individual less allowable deductions attributable to such trade or business.

A fundamental principle of tax law is that income is taxed to the person who earns it.  Commissioner v. Culbertson, 337 U.S. 733, 739 (1949); Lucas v. Earl, 281 U.S. 111, 114 (1930); Johnston v. Commissioner, T.C. Memo. 2000-315.  The existence of a validly organized and operated corporation does not preclude taxation of income to the service provider instead of the corporation.  Wilson v. United States, 530 F.2d 772, 777-778 (8th Cir. 1976); Haag v. Commissioner, 88 T.C. 604, 610-611 (1987), affd. without published opinion 855 F.2d 855 (8th Cir. 1988); see also Commissioner v. Culbertson, supra at 739-740.  Deciding whether the corporation or the service provider earned the income requires that we decide whether the corporation or its service-performing agent or shareholder controls the earning of the income.  Johnson v. Commissioner, 78 T.C. 882, 891 (1982) (and cases cited thereat), affd. without published opinion 734 F.2d 20 (9th Cir. 1984).

A corporation earns the income if:  (a) The service provider is an employee of a corporation which has the right to direct or

control that employee in some meaningful sense; and (b) there exists a contract or similar arrangement between the corporation and the person or entity using the services which recognizes the corporation's right to direct or control the work of the service provider. Haag v. Commissioner, supra at 611; Johnson v. Commissioner, supra at 891; see also Leavell v. Commissioner, 104 T.C. 140, 151-152 (1995).

Petitioners admitted that there was no contract between Mr. Arnold and PCI recognizing the right of PCI to control Mr. Arnold's performance of services. There is no credible evidence that Mrs. Arnold contracted with EAPC to perform real estate services or that EAPC controlled Mrs. Arnold in some meaningful sense.

We conclude that EAPC did not control Mrs. Arnold's performance of real estate services and that PCI did not control Mr. Arnold's performance of accounting or return preparation services. Accordingly, we sustain respondent's determination that petitioners are subject to self-employment tax in 2002 and 2003 on income from their accounting/return preparation and real estate activities.

II. Deductions

Deductions are a matter of legislative grace, and petitioners have the burden of showing that they are entitled to any deduction claimed. See Rule 142(a); New Colonial Ice Co. v.

Helvering, 292 U.S. 435, 440 (1934).  Taxpayers are required to maintain records that are sufficient to enable the Commissioner to determine their correct tax liability.  See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.  Additionally, taxpayers bear the burden of substantiating the amount and purpose of the item they claimed as a deduction.  See Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Petitioners rely on their own testimony to substantiate the claimed expenses and deductions at issue.[3]  The Court is not required to accept petitioners' unsubstantiated testimony.  See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964).  We found petitioners' testimony to be general, vague, conclusory, and/or questionable in certain material respects.  On the record, we repeatedly noted Mr. Arnold's lack of credibility.  Under the circumstances presented herein, we are not required to, and generally do not, rely on petitioners' testimony to sustain their burden of establishing error in respondent's determinations.  See Lerch v. Commissioner, 877 F.2d 624, 631-632 (7th Cir. 1989), affg. T.C. Memo. 1987-295; Geiger v. Commissioner, 440 F.2d 688, 689-690 (9th Cir. 1971), affg. per

---

[3] Petitioners also may rely on the testimony of William Ray.  Apart from Mr. Ray's testimony that he was paid $3,122.52 for services rendered during 2003, most of Mr. Ray's testimony was general, vague, and conclusory.  With the exception of the amount he was paid, he generally lacked sufficient knowledge about the items/facts in issue.  Mr. Ray's testimony is not sufficient to support petitioners' assertions.

curiam T.C. Memo. 1969-159; <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986).

If taxpayers establish that they have incurred deductible expenses but are unable to substantiate the exact amounts, we can in some circumstances estimate the deductible amounts, but only if the taxpayer presents sufficient evidence to establish a rational basis for making the estimates.  See <u>Cohan v. Commissioner</u>, 39 F.2d 540, 543-544 (2d Cir. 1930); <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742-743 (1985).  In estimating the amounts allowable, we bear heavily upon the taxpayer whose inexactitude is of his own making.  See <u>Cohan v. Commissioner</u>, <u>supra</u> at 544.  We shall not rely on the <u>Cohan</u> rule as petitioners have not presented sufficient evidence to establish a rational basis for making an estimate.  Furthermore, the evidence does not establish that petitioners incurred any interest expense or had any cost of goods sold.

Accordingly, we sustain respondent's disallowance of the interest expense, the labor expenses, the Western Timber Farms, Inc. losses, and the cost of goods sold.

At trial, petitioners contended that they suffered a $20,000 capital loss related to Orion.  The parties tried this issue by consent.  See Rule 41(b).[4]

---

[4]  When issues not raised by the pleadings are tried by express or implied consent of the parties, the issues shall be
(continued...)

Section 165(a) provides that there shall be allowed as a deduction any loss sustained during the taxable year and not compensated by insurance or otherwise. Section 165(c) limits the loss deduction for individuals to losses incurred in a trade or business, losses incurred in a transaction entered into for profit, and certain other losses including those arising from a casualty or from theft. Section 165(g)(1) provides that if any "security" which is a capital asset becomes worthless during the taxable year, then the resulting loss shall be treated as a loss from the sale or exchange, on the last day of the taxable year, of a capital asset. Section 165(g)(2) defines "security" for purposes of section 165(g) as a share of stock in a corporation; a right to subscribe for, or to receive, a share of stock in a corporation; or a bond, debenture, note, or certificate, or other evidence of indebtedness, issued by a corporation or by a government or political subdivision thereof, with interest coupons or in registered form.

Petitioners have failed to prove they held a "security" for purposes of section 165(g) with respect to Orion, if and when Orion became "worthless", and that they suffered a loss related to Orion during the years in issue. See secs. 1001, 1011, 1012.

---

[4](...continued)
treated as if they had been raised in the pleadings. Rule 41(b).

Accordingly, we conclude that petitioners are not entitled to a deduction for a loss related to Orion during the years in issue.[5]

III.  Addition to Tax and Penalties

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  The Commissioner, however, does not have the obligation to introduce evidence regarding reasonable cause or substantial authority.  Higbee v. Commissioner, supra at 446-447.

A.  Section 6651(a)(1) Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failure to file a return on the date prescribed (determined with regard to any extension of time for filing), unless the taxpayer can establish that such failure is due to reasonable cause and not due to willful neglect.  A Federal income tax return made on the

---

[5]  We note that the issue regarding the alleged $20,000 capital loss related to Orion first arose at trial.  In their opening brief, petitioners state that the issue regarding Orion "[opened] the possibility of reporting the loss as a Casualty/Theft loss.  With full disclosure, Petitioner [sic] has elected the capital loss as all they knew in 2002, [sic] was that the investment was worthless."  Accordingly, whether there was a theft loss is not at issue.

basis of a calendar year must be filed on or before April 15, following the close of the calendar year unless the due date is extended.  Sec. 6072(a).  On brief respondent notes that petitioners' 2003 return was due on October 15, 2004 (presumably on account of an extension of time to file).  Petitioners filed their 2003 return on November 18, 2004.  Accordingly, respondent has met his burden of production on this issue.

Petitioners claimed their failure to timely file for 2003 was due to reasonable cause and not willful neglect because Mr. Arnold was ill at the time.  Petitioners rely on their own testimony.

The Court is not required to accept petitioners' unsubstantiated testimony.  See Wood v. Commissioner, 338 F.2d at 605.  The Court need not accept at face value a witness's testimony that is self-interested or otherwise questionable.  See Archer v. Commissioner, 227 F.2d 270, 273 (5th Cir. 1955), affg. a Memorandum Opinion of this Court; Weiss v. Commissioner, 221 F.2d 152, 156 (8th Cir. 1955), affg. T.C. Memo. 1954-51; Schroeder v. Commissioner, T.C. Memo. 1986-467.  This is so even when the testimony is uncontroverted if it is improbable, unreasonable, or questionable.  Archer v. Commissioner, supra at 273; Weiss v. Commissioner, supra at 156; see Quock Ting v. United States, 140 U.S. 417 (1891).  We found petitioners' testimony to be conclusory and/or questionable in certain

material respects.  Under the circumstances presented here, we are not required to, and generally do not, rely on petitioners' testimony.  See Lerch v. Commissioner, 877 F.2d at 631-632; Geiger v. Commissioner, 440 F.2d at 689-690; Tokarski v. Commissioner, 87 T.C. at 77.

Petitioners did not call any medical professionals as witnesses to testify about Mr. Arnold's health.  We infer that such testimony would not have been favorable to petitioners.  See Wichita Terminal Elevator Co. v. Commissioner, 6 T.C. 1158, 1165 (1946), affd. 162 F.2d 513 (10th Cir. 1947).

During the same period Mr. Arnold was supposedly too ill to timely file petitioners' 2003 return, Mr. Arnold worked as a return preparer, went to his office, and oversaw the preparation of tax returns.  Additionally, during the same period of Mr. Arnold's alleged illness or incapacity, petitioners timely filed their 2002 return.  Furthermore, there is no credible evidence that Mrs. Arnold could not have timely filed petitioners' 2003 return (or a separate return for herself for 2003).

Having had the opportunity to observe petitioners, we find their claim not credible.  Petitioners' failure to file was not due to reasonable cause; it was due to willful neglect. Accordingly, we sustain respondent's determination that petitioners are liable for the addition to tax pursuant to section 6651(a)(1) for 2003.

B.  Section 6662 Penalty

Pursuant to section 6662(a), a taxpayer may be liable for a penalty of 20 percent on the portion of an underpayment of tax attributable to:  (1) Negligence or disregard of rules or regulations or (2) a substantial understatement of income tax. Sec. 6662(b)(1) and (2).  Whether applied because of a substantial understatement of income tax or negligence or disregard of rules or regulations, the accuracy-related penalty is not imposed with respect to any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.

Negligence includes any failure to make a reasonable attempt to comply with the Internal Revenue Code.  Sec. 6662(c). Respondent established that (1) petitioners failed to substantiate items properly, and (2) on their 2002 and 2003 returns, (a) petitioners claimed EICs of $352,854 and $489,827, respectively (which is patently frivolous as the maximum EIC for both 2002 and 2003 was less than $5,000), and (b) petitioners reported that they did not have an interest in a financial account in a foreign country even though in 2001 and 2002 petitioners sent money to Orion via wire transfers to banks and

beneficiaries in St. Kitts, West Indies, and Nevis, West Indies. See sec. 1.6662-3(b)(1), Income Tax Regs.  Accordingly, respondent met his burden of production for the section 6662 penalty for the years in issue.

Petitioners failed to establish that they had reasonable cause or acted in good faith for the years in issue. Accordingly, petitioners are liable for the section 6662(a) penalty for 2002 and 2003.

C.  <u>Section 6673(a)(1)</u>

The Court considers, sua sponte, whether petitioners have engaged in behavior that warrants imposition of a penalty pursuant to section 6673.  Section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay.

The circumstances herein suggest that petitioners may have instituted and maintained this proceeding primarily for purposes of delay.  Petitioners filed three motions for continuance--the first was filed shortly before trial, the second was filed at calendar call, and the last was filed on the date of trial.  The Court denied all three motions for continuance.

Furthermore, <u>Arnold v. Commissioner</u>, T.C. Memo. 2005-256 (Arnold I), involved petitioners' 1999, 2000, and 2001 tax years

(the years immediately preceding the years at issue in the case at bar). In Arnold I, petitioners failed to substantiate the same or similar deductions/items. In Arnold I, on the basis of facts substantially similar to those of the case at bar the Court sustained respondent's determination regarding the Western Timber Farms, Inc., labor, and interest deductions; held that petitioners were subject to self-employment tax on their return preparation income and realtor income; and upheld the imposition of accuracy-related penalties.

In the case at bar, petitioners made the same arguments regarding the same or similar items that the Court rejected in Arnold I. The Court issued the opinion in Arnold I before the notice of trial was sent to petitioners in the case at bar and the decision in Arnold I was final--petitioners did not appeal the decision in Arnold I--before the opening briefs were due in the case at bar. See sec. 7482(a); Fed. R. App. P. 13. Accordingly, petitioners knew their arguments had been rejected well before trial. Additionally, petitioners failed to provide respondent with information requested until they were compelled to do so by the Court, failed to substantiate items, and repeatedly sought to delay the trial of the case at bar.

We, however, shall not impose a penalty pursuant to section 6673(a)(1). We take this opportunity to admonish petitioners that the Court will strongly consider imposing such a penalty if

they return to the Court and proceed in a similar fashion in the future.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.