**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2013-79

UNITED STATES TAX COURT

KINGSLEY O. OFOEGBU AND ANTHONIA OFOEGBU, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17797-10S.                    Filed October 21, 2013.

Wilfred I. Aka, for petitioners.

Michael E. Washburn, for respondent.

SUMMARY OPINION

CARLUZZO, Special Trial Judge:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In a notice of deficiency dated May 21, 2010 (notice), respondent: determined a $25,635 deficiency in and imposed a $5,127 section 6662(a) accuracy-related penalty with respect to petitioners' 2007 Federal income tax; and (2) determined a $2,137.70 deficiency in petitioners' 2008 Federal income tax.

The issues for decision are:  (1) whether for either year in issue petitioners are entitled to a charitable contribution deduction in excess of the amount now allowed by respondent; (2) whether for 2007 petitioners are entitled to a deduction for rental expenses in excess of the amount now allowed by respondent; and (3) whether for 2007 petitioners are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found.  At the time the petition was filed, petitioners resided in California.

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

Kingsley O. Ofoegbu (petitioner) is, and was at all times relevant, a practicing physician. He conducted his medical practice in Inglewood, California, in space that he rented from the Regent Medical Group, an unrelated third party (medical suite). Pursuant to the lease for the medical suite in effect during the periods relevant here, his monthly rent obligation was $2,500.

Petitioners are members of the World Missions Christian Fellowship (WMCF) in Los Angeles. During 2007 they contributed $17,681 to WMCF and $515 to the Church on the Way (CW). On January 24, 2008, WMCF issued to petitioners a letter which acknowledged contributions from them during 2007 totaling $17,681 (first 2007 WMCF acknowledgment). The first 2007 WMCF acknowledgment did not include a statement regarding whether any goods or services were provided in consideration for the contributions. On October 15, 2011, WMCF issued to petitioners a letter similar to the first 2007 WMCF acknowledgment which included a statement that no goods or services were provided to them in exchange for their contributions and a spreadsheet showing the amount and date of each contribution (second 2007 WMCF acknowledgment).

During 2008 petitioners contributed $19,400 to WMCF, $400 to CW, and $500 to Extended Arms Ministry (EAM). On February 8, 2009, WMCF issued to

petitioners a letter which acknowledged contributions from them during 2008 totaling $19,400 (first 2008 WMCF acknowledgment). The first 2008 WMCF acknowledgment did not include a statement regarding whether any goods or services were provided in consideration for the contributions. On October 15, 2011, WMCF issued to petitioners a letter similar to the first 2008 WMCF acknowledgment which included a statement that no goods or services were provided to them in exchange for their contributions and a spreadsheet showing the amount and date of each contribution (second 2008 WMCF acknowledgment). The parties have stipulated that WMCF, CW, and EAM are organizations qualified under section 501(c)(3) to receive contributions deductible under section 170(c).

Petitioners' joint 2007 and 2008 Federal income tax returns were prepared by a paid income tax return preparer.

Included with petitioners' 2007 return are a Schedule A, Itemized Deductions, and a Schedule C, Profit or Loss From Business.

As relevant here, on the 2007 Schedule A petitioners claimed a $32,679 charitable contribution deduction for cash gifts and a $9,214 charitable contribution deduction for noncash gifts to charity. According to petitioners, the cash gifts to charity consist of contributions to WMCF and CW. According to a Form 8283, Noncash Charitable Contributions, included with petitioners' 2007

return, the gifts to charity made other than in cash were "HOUSE HLD GDS AND ETC". The Form 8283 does not provide any information on the donee or donees.

As relevant here, on the 2007 Schedule C petitioners claimed a $49,200 deduction for rent expenses.

Included with petitioners' 2008 return is a Schedule A on which, as relevant here, petitioners claimed a $20,600 charitable contribution deduction for cash gifts. According to petitioners, the cash gifts to charity consist of contributions to WMCF, CW, and EAM.

For 2007, in the notice of deficiency (notice) respondent: (1) disallowed all but $8,395[2] of the charitable contribution deduction for cash gifts for failure to substantiate the contributions; (2) disallowed the entire charitable contribution deduction for noncash gifts to charity for failure to establish the "amounts shown were (a) donated contributions, and (b) donated to a qualifying organization"; (3) disallowed the entire rent expense claimed on the Schedule C for failure to establish "that the amount shown was (a) rental expense, and (b) paid"; and (4) imposed a section 6662(a) accuracy-related penalty on several grounds,

---

[2]In the stipulation of facts, the parties stipulated that the $8,395 charitable contribution deduction allowed in the notice consists of contributions of $7,880 and $515 to WMCF and CW, respectively.

including "negligence or disregard of rules or regulations" and "substantial understatement of income tax".

For 2008, in the notice respondent disallowed all but $6,350[3] of the charitable contribution deduction for cash gifts for failure to substantiate the contributions.

## Discussion

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proof to establish entitlement to any claimed deduction.[4]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred.  Sec. 6001; Hradesky v. Commissioner, 65 T.C.

---

[3]In the stipulation of facts, the parties stipulated that the $6,350 charitable contribution deduction allowed in the notice consists of contributions of $5,450, $400, and $500 toWMCF, CW, and EAM, respectively.

[4]Petitioners do not claim that the provisions of sec. 7491(a) are applicable, and we proceed as though they are not.

87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); Meneguzzo v. Commissioner, 43 T.C. 824, 831-832 (1965); sec. 1.6001-1(a), Income Tax Regs.

I. Charitable Contribution Deductions

In general, section 170(a) allows a deduction for any charitable contribution made within the taxable year if properly verified pursuant to regulations promulgated by the Commissioner. Section 170(a)(1) allows a deduction for contributions to charitable organizations defined in section 170(c). Section 170(f)(8) provides substantiation requirements for certain charitable contributions. Specifically, section 170(f)(8)(A) provides: "No deduction shall be allowed under subsection (a) for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that meets the requirements of subparagraph (B)."

For donations of money, the donee's written acknowledgment must state the amount contributed, indicate whether the donee organization provided any goods or services in consideration for the contribution, and provide a description and a good faith estimate of the value of any goods or services provided by the donee organization. See sec. 170(f)(8)(B); sec. 1.170A-13(f)(2), Income Tax Regs.

A written acknowledgment is contemporaneous if it is obtained by the taxpayer on or before the earlier of: (1) the date the taxpayer files the original return for the taxable year of the contribution or (2) the due date (including extensions) for filing the original return for the year. Sec. 170(f)(8)(C); sec. 1.170A-13(f)(3), Income Tax Regs.[5]

The charitable contribution deduction claimed on the 2007 return and partially disallowed in the notice consists in part of cash donations and in part of donations of property.

A. Charitable Contribution Deduction for Gifts Other Than Cash

Petitioners claimed a $9,214 charitable contribution deduction for gifts other than cash in 2007. Although the concession is less than certain, at trial it appeared that petitioners conceded this deduction. Nonetheless, their failure to substantiate the deduction makes any such concession, if made, of little consequence. For either reason, respondent's disallowance of the deduction for charitable contributions for gifts other than cash in 2007 is sustained.

---

[5]Separate contributions of less than $250 are not subject to the requirements of sec. 170(f)(8), regardless of whether the sum of the contributions made by a taxpayer to a donee organization during a taxable year equals $250 or more. See sec. 1.170A-13(f)(1), Income Tax Regs.

B.  Charitable Contribution Deduction for Cash Gifts

Petitioners claimed $32,679 and $20,600 charitable contribution deductions for cash gifts to charity in 2007 and 2008, respectively.  The notice disallowed all but $8,395 and $6,350 of those deductions for failure to substantiate the contributions.  After concessions, the amounts of the charitable contribution deductions for cash gifts in dispute, $9,801 and $13,950 for 2007 and 2008, respectively, involve only the contributions to WMCF for which section 170(f)(8) applies.

Respondent argues that petitioners are not entitled to a deduction for either year for the charitable contributions of $250 or more made to WMCF because neither the first nor the second acknowledgments from WMCF satisfied the requirements of section 170(f)(8).  Respondent contends that the first acknowledgments failed because they did not include a statement regarding whether any goods or services were provided to petitioners in consideration for their contributions and that the second acknowledgments, which included the statement, were not contemporaneous.

The first acknowledgments failed to comply with the requirements of section 170(f)(8)(B)(ii).  The second acknowledgments were not contemporaneous, and we do not consider them.  See sec. 170(f)(8)(C); Durden v.

Commissioner, T.C. Memo. 2012-140. Petitioners have failed to strictly or substantially comply with the clear substantiation requirements of section 170(f)(8), see Durden v. Commissioner, T.C. Memo. 2012-140, and their deductions for the charitable contributions in cash for 2007 and 2008, in excess of the amounts allowed in the notice, must be disallowed.

## II. Schedule C Deduction for Rent[6]

On the Schedule C attached to their 2007 return petitioners claimed a $49,200 deduction for rent expenses. Respondent concedes petitioners' entitlement to a $30,000 Schedule C deduction for rent, while petitioners concede that they are entitled, at most, to a $37,500 deduction for rent. After concessions, the amount of the rent deduction that remains in dispute is $7,500.

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. There is no question that petitioner's Schedule C deduction for rent in 2007 is an ordinary and necessary business expense of his medical practice, see

---

[6]Although not in the pleadings, the parties stipulated that the 2007 Schedule C deduction for rent was at issue, and the Court finds the issue was tried by consent and is properly before us. See Rule 41(b)(1).

sec. 162(a); however, there remains in dispute the amount of rent incurred and paid that year.

According to petitioner, the amount in dispute represents three months' worth of delinquent payments to the Regent Medical Group to rent the medical suite. Respondent contends that petitioners have not established that they paid three additional months' rent in 2007.

Petitioners rely on photocopies of carbon copies of two $2,500 checks payable to "cash" and a photocopy of a carbon copy of a $2,500 check dated January 2, 2008 (January 2 check), payable to the Regent Medical Group, to substantiate the amount in dispute.

A check made payable to "cash" does not, in and of itself, prove payment of a deductible expense. And, other than their own self-serving testimony, petitioners offered no evidence in support of the claimed deduction. See Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), aff'g 41 T.C. 593 (1964); Niedringhaus v. Commissioner, 99 T.C. 202, 219-220 (1992); Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. at 90.

On the contrary, respondent introduced into evidence a document titled "Certification of Records of Regent Medical Group" that shows that petitioners made 12 monthly payments of $2,500 to rent the medical suite during 2007. The

Regent Medical Group records do not show any rent payments in excess of the amount respondent already conceded.

In general, cash basis taxpayers such as petitioners may deduct expenses only "for the taxable year in which paid." Sec. 1.461-1(a)(1), Income Tax Regs. The January 2 check was not paid in 2007, and therefore petitioners are not entitled to a rent deduction for that amount. Accordingly, petitioners are not entitled to a deduction for rent in excess of the amount respondent has now allowed.

III. Accuracy-Related Penalty

Lastly, we consider whether petitioners are liable for a section 6662(a) accuracy-related penalty for 2007. Relying upon various grounds, respondent argues that they are liable. See sec. 6662(a)-(d).

Petitioners' 2007 Federal income tax return was prepared by a paid income tax return preparer. Under the circumstances, we find that petitioners reasonably relied upon their return preparer to properly calculate and report their 2007 Federal income tax liability. See sec. 6664(c); United States v. Boyle, 469 U.S. 241, 251 (1985); Higbee v. Commissioner, 116 T.C. 438, 448 (2001); Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); sec. 1.6664-4(b)(1), Income Tax Regs. Therefore, we

hold that petitioners are not liable for a section 6662(a) accuracy-related penalty for 2007.

    To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.